Keith BAIN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. ED 79410.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 13, 2001.

Nancy L. Vincent, Asst. Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Movant Keith Bain appeals the motion court's dismissal of his February 9, 2001 postconviction-relief motion without appointment of counsel. According to movant, the motion court erred in both failing to appoint counsel for his February 2001 motion and in dismissing such motion given that it was neither untimely nor successive. Because we hold movant should have been appointed counsel and that his February 2001 motion was neither untimely

filed nor successive, we reverse and remand.

In 1998, a jury convicted movant of various felonies. Movant attempted to file a direct appeal, but his appeal was dismissed because his counsel failed to timely appeal and did not seek leave to file the notice of appeal out of time. *State v. Bain,* 982 S.W.2d 706 (Mo.App. E.D.1998).

Movant then filed a postconviction-relief motion that, upon amendment by appointed counsel, raised three claims of ineffective assistance of prior counsel. The motion court granted relief on the ground that movant's prior counsel failed to timely appeal; movant was accordingly resentenced so that he could then file a timely notice of appeal. The motion court, however, denied movant's remaining claims of ineffective assistance of counsel, which was affirmed by this court. *Bain v. State,* 29 S.W.3d 414 (Mo.App.E.D.2000).

After resentencing, counsel for movant filed a timely direct appeal from his conviction. Movant's conviction was affirmed on December 21, 2000. *State v. Bain,* 32 S.W.3d 137 (Mo.App.E.D.2000).

On February 9, 2001, movant filed a second, pro se postconviction-relief motion, alleging several of the same errors raised in his original postconviction-relief motion. However, the motion court dismissed his motion without appointment of counsel and without an evidentiary hearing as "untimely filed and moot." Movant appeals.

■ We review the denial of a post-conviction-relief motion in order to determine if the findings and conclusions of the motion court were "clearly erroneous." *Leach v. State,* 14 S.W.3d 668, 670 (Mo. App. E.D.2000); Rule 29.15(k). The motion court's findings are clearly erroneous if, after reviewing the entire record, the Court of Appeals is left with the firm and definite impression that a mistake has

been made. *Jones v. State,* 24 S.W.3d 701, 703 (Mo.App. E.D.1999).

■ The State of Missouri has elected to provide appointed counsel to indigent defendants in postconviction cases. Rules 29.15 and 24.035; *see State ex rel. Public Defender Comm'n v. Bonacker,* 706 S.W.2d 449 (Mo. banc 1986). Unlike preconviction procedures, the purpose of which is to protect the innocent and convict the guilty, the purpose of postconviction procedures is to "satisfy the public conscience that fairness dominates the administration of justice." *Adams v. United States,* 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942). Fairness here, however, has not dominated.

Here we are presented with the unusual situation in which movant brought his first postconviction-relief motion before his direct appeal was timely filed. Thus, movant could not assert any claims of error in this first postconviction motion relative to his resentencing or his direct appeal for the simple reason that any such errors had not yet occurred. We conclude that, in order for fairness to dominate the administration of justice, movant is entitled to assert any claims of error relative to his resentencing and ineffective assistance of appellate counsel as to his timely-filed direct appeal; further, he may do so with the aid of appointed counsel.

The State correctly asserts that Rule 29.15 prohibits the filing of postconviction motions that are either untimely or successive. Further, the State then argues, because the motion here was both untimely and successive, we should uphold the motion court's dismissal of the motion.

■ However, movant's postconviction-relief motion was timely filed. This court affirmed Movant's conviction and resentencing on December 21, 2000. According to Rule 29.15, where, as here, a direct

appeal of judgment or sentence is taken, a postconviction-relief motion shall be filed within ninety days of the appellate court's mandate. Because movant filed his 29.15 motion on February 9, 2001, well within ninety days of our court's affirmance on December 21, 2000, movant's second 29.15 motion was timely filed.

■ We also find that movant's 29.15 motion was not successive in that his first 29.15 motion challenged the original sentence entered against him in 1998, while movant can challenge for the first time in his second 29.15 motion claims of error relative to his resentencing and his timely-filed direct appeal, both of which occurred after movant filed his first postconviction-relief motion. First, movant's second 29.15 motion is not successive. "Successive" means that "one follows upon another." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2282 (1966). Here the second motion was not successive because it did not follow upon the earlier motion; rather movant's resentencing and direct appeal intervened. Thus, if the second motion is directed solely to claims relative to the resentencing and direct appeal, it is not successive. In fact, the State concedes the motion is not successive if directed to claims relative to movant's resentencing. Second, although the State laments the lengthy litigation necessary to secure the finality of movant's conviction, movant will not gain a second bite at the postconviction-relief apple. Instead, movant has merely been given two half-bites of the apple—one relative to his original trial, and one relative to his resentencing and timely-filed direct appeal. Third, the State should note it is not merely the fact of movant's litigation that caused the procedural conundrum of the present case, but rather the success of his litigation. Perversely then, the State would bar any further postconviction re-

lief as a consequence of movant's past success in securing such relief. Such a result would frustrate the remedial purposes underlying our postconviction-relief rule.

■ We further agree with movant that the motion court also erred in failing to appoint him counsel prior to dismissing his motion. The State contends that even if movant's motion was timely and not successive, no error occurred because the claims raised in movant's second postconviction motion were not cognizable. The State misconstrues the purpose of the rule.

According to Rule 29.15(e):

When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence.

Because this rule requires the appointment of counsel to determine whether movant has raised all claims available to him, and does not require movant to rely solely on the claims raised in his pro se motion, it is irrelevant whether or not movant has raised any cognizable claims in his pro se motion. Instead, the issue is whether movant, through counsel, could have raised any cognizable claims. Therefore, based upon Rule 29.15(e), which mandates that movant shall be appointed counsel, we find the motion court's failure to appoint counsel before dismissing movant's motion is clearly erroneous. *Stroud v. State*, 978 S.W.2d 785, 786 (Mo.App. E.D. 1998); *see Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978); *State v. Wendleton*, 936 S.W.2d 120, 124 (Mo.App. S.D.1996).

The judgment dismissing movant's 29.15 motion is reversed and the cause is re-

manded to the motion court for appointment of counsel.[1] Movant may assert claims of error with respect to his resentencing, or ineffective assistance of appellate counsel in his timely-filed direct appeal.

SHERRI B. SULLIVAN, P.J., and LAWRENCE G. CRAHAN, J., concur.

---

**1.** We note that movant must still meet all the procedural requirements necessary for the appointment of counsel.