**George M. KNIEST, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 82474.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 16, 2003.

Gwenda R. Robinson, Office of the State Public Defender, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Leslie E. McNamara, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

George M. Kniest (Movant) appeals from the dismissal of his Rule 24.035 motion to vacate his judgment of conviction and sentence for assault in the first degree, Section 565.050, RSMo 2000, and armed criminal action, Section 571.015, RSMo 2000, for which Movant was sentenced to two consecutive twenty-year terms of imprisonment. Movant contends the motion court erred in dismissing his Rule 24.035 motion as a successive motion because this second Rule 24.035 motion was not a challenge to the original guilty plea, but rather, challenged the re-sentencing. Because we find Movant's second Rule 24.035 motion was not successive, we reverse and remand the cause to the motion court for further proceedings.

On January 10, 2002, Movant was charged by information with first-degree assault and armed criminal action, and unlawful use of a weapon. On that same day, Movant entered a guilty plea to the assault and armed criminal action charges. The trial court sentenced Movant as a prior and persistent offender to a term of twen-

ty years' imprisonment for assault and a term of twenty years' imprisonment for armed criminal action to be served consecutively.

On April 3, 2002, Movant filed his first Rule 24.035 motion. The motion was granted in part as to sentencing and denied in part, and granted re-sentencing. The motion court granted re-sentencing because the trial court at the original sentencing failed to make a finding on the record that Movant was a prior and persistent offender, and therefore, eligible for sentence enhancement. The trial court held a re-sentencing hearing on September 27, 2002. The trial court found, on the record and beyond a reasonable doubt, that Movant was a prior and persistent offender. The trial court re-sentenced Movant to two consecutive twenty-year terms of imprisonment. On October 23, 2002, after re-sentencing, the motion court entered findings of fact and conclusions of law denying Movant's request for post-conviction relief pursuant to Rule 24.035.[1]

On November 6, 2002, Movant filed a second Rule 24.035 motion. In his pro se motion, Movant alleged that at the re-sentencing hearing, and at the original guilty plea, the State failed to present evidence of his prior convictions necessary to sentence him as a prior and persistent offender. Thereafter, the motion court issued findings of fact and conclusions of law granting the State's motion to dismiss Movant's second Rule 24.035 motion on the ground that it was successive. Movant now appeals.

In his sole point, Movant contends the motion court erred in dismissing his Rule 24.035 motion as a successive motion because this second Rule 24.035 motion was not a challenge to the original guilty plea, but rather, a challenge to the proof at the

re-sentencing. We agree with Movant and the State concedes motion court error as to the portion of Movant's second Rule 24.035 motion dealing with the re-sentencing hearing.

■ Appellate review of the motion court's denial of a Rule 24.035 motion is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Simmons v. State*, 100 S.W.3d 143, 145 (Mo.App. E.D.2003). A judgment will be found clearly erroneous if, after review of the entire record, we are left with a firm and definite impression that a mistake has been made. *Simmons*, 100 S.W.3d at 145.

■ The motion court clearly erred in dismissing Movant's second Rule 24.035 motion as being successive. Rule 24.035(*l*) explicitly prohibits the circuit court from entertaining successive motions. Thus, substantive claims presented in successive motions cannot be considered in the motion court. *Edgington v. State*, 860 S.W.2d 389, 391 (Mo.App. W.D.1993). "Successive" means "one follows upon another." *Bain v. State*, 59 S.W.3d 625, 627 (Mo.App. E.D.2001) (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2282 (1966)). Here, the second motion was not successive because it did not follow upon the earlier motion; rather Movant's re-sentencing intervened and his direct appeal of the first Rule 24.035 ruling followed. *See Bain*, 59 S.W.3d at 627. Thus, if the second motion is directed to claims relative to the re-sentencing, it is not successive. Movant's second Rule 24.035 motion does, in part, challenge the State's proof at the re-sentencing hearing to establish Movant was a prior and persistent offender. In fact, the State concedes

---

1. On December 2, 2002, Movant filed his notice of appeal of the motion court's ruling denying his first Rule 24.035 motion and the appeal is still pending before this court.

the motion is not successive to the extent it is directed to claims relative to Movant's re-sentencing.

Furthermore, as conceded by the State, Movant's second motion was timely because it was filed within the time limits specified in Rule 24.035(b). The rule, at the time of Movant's re-sentencing, provided that if no appeal of the judgment or sentence sought to be vacated is taken, the motion shall be filed within 90 days of the date the person is delivered to the custody of the Department of Corrections.[2] Movant was re-sentenced on September 27, 2002 and did not file an appeal of the new judgment and sentence. Movant filed his second Rule 24.035 motion for post-conviction relief as to his re-sentencing on November 6, 2002. Although the record does not reflect the exact day Movant was received by the Department of Corrections after his re-sentencing, the facts establish that Movant's motion was clearly filed within the ninety-day limitation.

Thus, the motion court erred in dismissing Movant's second timely filed Rule 24.035 motion because the motion was not successive to the extent that the motion challenged the State's evidence at the re-sentencing hearing and Movant is entitled to relief.

The trial court's dismissal of Movant's second Rule 24.035 motion is reversed, and this cause is remanded. On remand, we direct the motion court to appoint counsel and consider the merits of Movant's Rule 24.035 motion as it relates to the re-sentencing hearing.

GARY M. GAERTNER, SR., P.J., and MARY R. RUSSELL, J., concur.

---

**2.** As of January 1, 2003, the rule was amended to provide for 180 days from the date the person is delivered to the Department of Corrections.