**Louis Neal ZEIGENBEIN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 31356.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 24, 2012.

Emmett D. Queener, Columbia, MO, for Appellant.

Chris Koster, Attorney General, John Winston Grantham, Assistant Attorney General, Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Presiding Judge.

Louis Neal Zeigenbein ("Zeigenbein") appeals the motion court's dismissal of his Rule 24.035 [1] motion for post-conviction relief for being successive. Finding no merit to Zeigenbein's appeal, we affirm.

### Factual and Procedural History

On September 29, 2006, the State filed a "Complaint" charging Zeigenbein with one count of the class C felony of statutory sodomy in the second degree against L.R., and one count of the class C felony of statutory sodomy in the second degree against M.K.

On October 22, 2007, Zeigenbein appeared with counsel to enter open pleas to the charges. A "First Amended Information" was filed amending "COUNT 1" by interlineation to specify that Zeigenbein was being charged with "statutory" sodomy in the "first degree." Zeigenbein executed a written petition to plead guilty, which indicated that he was pleading without the benefit of a recommendation from the State. The plea agreement identified the charges against Zeigenbein as "sodomy" in Count 1 and "statutory sodomy, a C felony" in Count 2. Zeigenbein also set forth acts he committed that made him guilty of Count 1, indicating that he had deviate sexual intercourse with L.R., who was then under fourteen years of age. At another point in the petition, Zeigenbein indicated that he was pleading guilty to "statutory" sodomy. Zeigenbein acknowledged his petition in open court. The plea court (which is also the motion court) found Zeigenbein's pleas were voluntarily and knowing waivers of his rights attendant to trial, and that there was a factual basis for the pleas.

On February 25, 2008, Zeigenbein was sentenced to 25 years for "forcible" sodomy on Count 1, and 7 years for second-degree statutory sodomy on Count 2.

On July 7, 2008, Zeigenbein filed a *pro se* motion for post-conviction relief alleging he pled guilty to a different charge than his conviction, ineffective counsel, and judicial misconduct.

On April 16, 2010, post-conviction counsel ("McWilliams") filed an amended Rule 24.035 motion, alleging only one allegation of error: that the judgment entered on Count 1 did not conform to the charge that Zeigenbein pleaded guilty to, in that he pleaded guilty to a charge of "statutory" sodomy but judgment was entered on a charge of "forcible" sodomy.

On June 8, 2010, a docket entry in the post-conviction case was made by the court stating: "Motion sustained. See 06LA–CR01223–01. Case closed." In the criminal case, the court also made a docket entry the same date directing the clerk to prepare an amended judgment to reflect the amended information as requested by Zeigenbein's amended motion. The court entered an "Amended Judgment" in the criminal case correcting Count 1 to the amended charge of "statutory" sodomy in the first degree.[2]

---

1. All rule references are to Missouri Court Rules (2011).

2. In this appeal, Zeigenbein appears to be operating under the false assumption that the

On December 1, 2010, Zeigenbein filed a second *pro se* Rule 24.035 motion seeking to set aside the same guilty pleas. All of his claims of error concerned the validity of his initial guilty pleas, not the propriety of re-sentencing or appellate proceedings.

On February 14, 2011, Zeigenbein's second post-conviction counsel ("Harris") filed "Counsel's Statement in Lieu of a Rule 24.035 Amended Motion" stating he had reviewed the files from the court, plea counsel, and McWilliams, as well as Zeigenbein's new *pro se* motion and other correspondence, and determined there were no additional claims or facts that needed to be pleaded in an amended motion.

On March 21, 2011, the motion court dismissed Zeigenbein's second post-conviction motion as successive. This appeal followed.

Zeigenbein claims the motion court erred in dismissing Zeigenbein's second Rule 24.035 motion as successive in that his December 1, 2010 motion, was not successive to his first Rule 24.035 motion because Zeigenbein had been re-sentenced on June 8, 2010. We determine whether the motion court clearly erred in dismissing Zeigenbein's second Rule 24.035 motion as being successive.

## Standard of Review

■■■ This Court reviews the motion court's findings and conclusions denying a Rule 24.035 motion to determine whether they are clearly erroneous. *Chrisman v. State*, 288 S.W.3d 812, 820 (Mo.App. S.D. 2009). The motion court's findings and conclusions are presumptively valid and will be reversed only if this Court, after reviewing the complete record, is left with a definite and firm impression that a mistake has been made. *Id.* The movant bears the burden of proving, by a preponderance of the evidence, the motion court erred. *Stuart v. State*, 263 S.W.3d 755, 757 (Mo.App. S.D.2008).

## Analysis

Rule 24.035 governing post-conviction motions expressly prohibits successive motions. Rule 24.035(1). "A motion is successive if it follows a previous post-conviction relief motion addressing the same conviction." *Turpin v. State*, 223 S.W.3d 175, 176 (Mo.App. W.D.2007).

■■■ Zeigenbein filed a *pro se* Rule 24.035 motion on July 7, 2008, and McWilliams filed an amended motion on April 16, 2010, regarding his October 22, 2007 convictions. The amended motion was sustained by the motion court, and the court entered an Amended Judgment in the criminal case correcting Count 1 to the amended charge of "statutory" sodomy in the first degree as requested in the amended motion. Zeigenbein contends his second motion was not successive in that the "re-sentencing[[3]] on June 8, 2010, served as an intervening event sufficient to permit his second Rule 24.035 motion." We disagree.

First, Zeigenbein is misguided in citing to *Kniest v. State*, 133 S.W.3d 70, 71 (Mo. App. E.D.2003), and *Bain v. State*, 59 S.W.3d 625 (Mo.App. E.D.2001), in support

---

motion court sustained his *pro se* "Motion of Abandonment of Post–Conviction Counsel," which he filed on April 26, 2010. This motion alleged that McWilliams abandoned him by failing to identify any witnesses or evidence upon which she intended to rely, failing to mention Zeigenbein's *pro se* claims, and by not filing a timely amended motion. However, it is clear from the motion court's relief

and entry designating the case closed, that the motion court sustained Zeigenbein's amended Rule 24.035 motion—not his abandonment motion.

3. There is nothing in the record indicating that Zeigenbein was actually re-sentenced; the record only documents the amendment to the charge to Count 1 of the judgment.

of his claim. In *Kniest*, the Eastern District found that a second Rule 24.035 motion was not a successive motion barred by Rule 24.035(1) to the extent it raised claims of error regarding movant's re-sentencing hearing. 133 S.W.3d at 71. In *Bain*, the Eastern District held that

> movant's [Rule] 29.15 motion was not successive in that his first [Rule] 29.15 motion challenged the original sentence entered against him ... while movant can challenge for the first time in his second [Rule] 29.15 motion claims of error relative to his re[-]sentencing and his timely-filed direct appeal, both of which occurred after movant filed his first postconviction-relief motion.

59 S.W.3d at 627. Zeigenbein's second Rule 24.035 motion, however, is distinguishable from the post-conviction motions in *Kniest* and *Bain* in that it is directed to claims relative to Zeigenbein's initial guilty pleas—not claims directed at re-sentencing or appellate proceedings. All of the claims Zeigenbein raises in his second Rule 24.035 motion could have, and should have, been raised in his first amended Rule 24.035 motion. Zeigenbein was required to assert all claims known to him in his first amended motion. Rule 24.035(d) and (g). Zeigenbein correctly acknowledges that because his claims from his initial *pro se* motion were not continued in the amended motion filed by McWilliams, they were abandoned. *Self v. State*, 14 S.W.3d 223, 226 (Mo.App. S.D.2000).

Zeigenbein also appears to argue that the claims included in his first *pro se* motion would have been addressed by the motion court if they had not been aban-

doned by McWilliams and thus, the second motion is not successive. We recognize, however, "a claim that counsel failed to include a possible post-conviction claim in the amended motion does not constitute abandonment but, rather, is more accurately characterized as an allegation of 'ineffective assistance' of post-conviction counsel." *Simmons v. State*, 240 S.W.3d 166, 172 (Mo.App. W.D.2007). " 'Abandonment' is limited to situations where appointed counsel completely and without explanation failed to file a motion on the defendant's behalf, where counsel filed an amended motion untimely,[4] or where counsel filed a motion so patently defective that it amounted to a 'nullity.' " *Hill v. State*, 193 S.W.3d 390, 392 (Mo.App. S.D.2006) (internal citation and quotation omitted).

■ Zeigenbein does not allege any specific facts that establish abandonment by McWilliams. In fact, we know that McWilliams filed an amended motion, which was granted. Again, Zeigenbein only alleges "the claims raised in the *pro se* Rule 24.035 motion filed in 2010, could, and should, have been raised in the April 1[6], 2010, amended motion filed by [McWilliams]." If Zeigenbein's allegations are properly characterized, they claim nothing more than ineffective assistance of post-conviction counsel, which, in the context of this case, is an unreviewable complaint. *See, e.g., Gehrke v. State*, 280 S.W.3d 54, 58 (Mo. banc 2009).[5] Thus, Zeigenbein cannot evade the prohibition against successive post-conviction motions by a characterization of ineffectiveness as abandonment.

---

**4.** While Zeigenbein's first amended motion appears to have been filed late, the motion court did not reject the filing as untimely and granted the amended motion.

**5.** In *Gehrke*, our Supreme Court explained that: "While Mr. Gehrke characterizes his counsel's failure to perfect an appeal as aban-

donment, it is characterized more properly as ineffective assistance of counsel. This Court 'has repeatedly held it will not expand the scope of abandonment to encompass perceived ineffectiveness of postconviction counsel.' " 280 S.W.3d at 58 (quoting *Barnett v. State*, 103 S.W.3d 765, 774 (Mo. banc 2003)).

Accordingly, we find the motion court did not err in dismissing Zeigenbein's second Rule 24.035 motion as successive. The motion court's order is affirmed.

BATES and SCOTT, JJ., Concur.