STATE of Missouri,
Plaintiff/Respondent,

v.

Daniel K. McKAY,
Defendant/Appellant.

No. ED 98489.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 10, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 22, 2013.

Timothy A. Blackwell, Jefferson City, MO, for Plaintiff/Respondent.

Daniel K. McKay, Mineral Point, MO, for Defendant/Appellant.

SHERRI B. SULLIVAN, J.

*Introduction*

Daniel K. McKay (Appellant) appeals from the trial court's judgment entered upon a jury verdict convicting him of unlawful possession of a firearm and two counts of sale of a controlled substance. We affirm in part and remand in part.

*Factual and Procedural Background*

Viewed in the light most favorable to the verdict, the following evidence was adduced at trial. In May 2010, a confidential informant (CI) informed Detective Eric Feagans (Det. Feagans) that Appellant was selling heroin. The CI set up a May 25, 2010, heroin buy between Appellant and Det. Feagans in the parking lot of Gingham's Restaurant. The buy went as planned and Det. Feagans purchased a gram and a half of heroin from Appellant for $300.00. The CI set up another buy for May 26, 2010, on which Det. Feagans met Appellant in a Taco Bell parking lot and purchased two grams of heroin from him for $400.00. Appellant was then stopped after leaving the scene of this transaction, arrested, and on May 27, 2010, charged by complaint filed by the St. Charles prosecuting attorney with two counts of sale of a controlled substance and unlawful possession of a firearm, as he was a convicted felon and a loaded pistol was found in his car incident to arrest. Appellant was on probation in Pike County at the time for second-degree trafficking of narcotics.

On July 19, 2010, Appellant pled not guilty to the charges, and a plea hearing was set for September 20, 2010. Appellant failed to appear for the plea hearing because he was incarcerated in the Missouri Department of Corrections (MDOC) serving his 15–year sentence for second-degree trafficking, his probation having been revoked in Pike County. On September 23, 2010, the St. Charles County trial court issued a superseding warrant for Appellant's arrest for the new charges based on his failure to appear, but the warrant was mistakenly issued for a probation violation instead of new charges.

On January 20, 2011, Appellant filed a request for a final disposition of detainers with regard to the St. Charles County charges against him, addressed to the St. Charles County prosecutor and circuit court, and filed it with the MDOC records officer. The records officer, however, did not deliver the request to the director for his certification, nor did the director certify and send it to the St. Charles County prosecutor or circuit court because of the arrest warrant's erroneous designation for a probation violation, which does not enti-

tle one to a speedy trial disposition. On May 12, 2011, a detainer letter from jail was filed. On May 17, 2011, MDOC Records Officer Sharon Glore (Records Officer) issued a response to Appellant's request informing him that the detainer placed against him by St. Charles County was in conjunction with a probation violation warrant based on the unlawful possession and controlled substance sale charges and therefore a request for speedy disposition did not apply. On July 5, 2011, the St. Charles prosecutor filed a writ of habeas corpus order, with a copy sent to "Potosi Correctional, Transport." This writ did not result in any action. On August 1, 2011, a warrant was served on Appellant, and on August 2, the prosecutor filed another writ of habeas corpus order, with a copy sent to "Potosi Correctional, Transport." Appellant was transported to court pursuant to this writ and warrant for a hearing on August 1, 2011, according to the prosecutor but there is no notation of this in the docket sheets.

On December 2, 2011, Appellant filed a motion to dismiss with prejudice for prosecutorial misconduct and violation of his right to due process, alleging violation of his right to be brought to trial within 180 days of his request for disposition of detainer.[1] On December 9, 2011, Appellant also filed a motion to dismiss charges based on an illegal and invalid arrest warrant, arguing he was arrested and charged by way of an arrest warrant for a probation violation, which was incorrect.

On January 19, 2012, the MDOC Records Officer issued Appellant a notice that his request for speedy disposition with regard to his pending St. Charles County charges would now be forwarded to his caseworker, because "we were able to determine that these are new charges that incurred [sic] while you were on probation and you can request a speedy disposition."

On January 20, 2012, the St. Charles County circuit court and prosecutor received Appellant's January 20, 2011, request for disposition of detainer. On January 20, 2012, the MDOC notified Appellant that it had received a Notice of Detainer from the St. Charles County Sheriff's Department as to the new charges. On February 24, 2012, prior to trial, Appellant filed a motion *in limine* to exclude prior bad acts, convictions, character or reputation and a motion *in limine* to exclude mention of money found on defendant.

On March 5, 2012, the motions to dismiss were argued then denied[2]; the mo-

1. Appellant specifically alleged that on May 17, 2011, while in the custody of the MDOC serving his second-degree trafficking sentence, he requested a demand to the St. Charles Prosecuting Attorney and the St. Charles County Circuit Court to file a final disposition of detainer and be brought to trial on said charges within 180 days of receipt of the demand. Appellant alleged the Records Officer told Appellant he was not allowed to file a disposition of detainer because his arrest warrant was for a probation violation, and the disposition of detainers law does not apply to probation violation proceedings. Appellant alleged he told the Records Officer that he was not on probation with regard to the St. Charles County charges but was still denied his request to file a disposition of detainer. In his motion to dismiss for prosecutorial misconduct, Appellant maintained that the St. Charles County prosecuting attorney deliberately filed a false arrest warrant/detainer against Appellant, *i.e.*, for a probation violation, thus denying Appellant his right to file a request for a final disposition of detainer on May 17, 2011, which would have required a trial to be held before November 17, 2011, and since such time had already passed without trial, all the St. Charles charges against him should be dismissed with prejudice.

2. When Appellant's *pro se* motion to dismiss for violation of detainers law was argued before the trial court, the prosecutor pointed out that the date Appellant noted that he request-

tion *in limine* regarding mention of money was granted; and the motion *in limine* regarding prior bad acts was taken under advisement. On March 12, 2012, the parties stipulated that Appellant had a prior felony conviction in that he pled guilty to a felony on December 9, 2004, and this stipulation was read to the jury. Appellant was tried on March 13, 2012, 52 days after his request for disposition of detainer was received by the prosecutor and court, but 1 year and 52 days after the request was lodged with the MDOC Records Officer. On March 13, 2012, Appellant filed motions for judgment of acquittal at the close of the State's evidence and at the close of all the evidence. The trial court denied the motions.

On March 14, 2012, a jury found Appellant guilty on all counts. On July 3, 2012, the trial court sentenced Appellant to twenty years on each of the controlled substance counts and seven years on the firearms count, to run concurrently with each other and with the prior sentence Appellant was serving from the case in Pike County. This appeal follows.

## Points on Appeal

In his first point, Appellant maintains the trial court erred in denying his motion to dismiss for prosecutorial misconduct and violation of due process, because the prosecutor knew the arrest warrant was invalid and did nothing to correct the error

and the prison officials failed to forward Appellant's request for final disposition of detainer to the prosecutor and the court, resulting in a violation of Appellant's right to a speedy trial.

In his second point, Appellant claims the trial court erred in denying his motions for acquittal at the close of the State's evidence and at the close of all of the evidence on the grounds that the State had not made a submissible case, in that it withheld evidence and relied on false testimony.[3]

In his third point, Appellant contends the trial court plainly erred when it instructed the jury as to his December 9, 2004, felony guilty plea, because the mention of this prior conviction deprived him of his right to be tried only for the crime with which he is charged. Appellant also alleges his counsel was ineffective in stipulating to and allowing the admission of said evidence and convincing Appellant to agree to the stipulation of said evidence.

## Discussion

### Point I

■ Appellant maintains the trial court erred in denying his motion to dismiss based on prosecutorial misconduct. The dismissal of an indictment is a matter for the discretion of the trial judge, which is reviewed for an abuse of that discretion.

---

ed disposition of his detainer (May 17, 2011) was incorrect, as was the corresponding deadline date counted 180 days forward (November 17, 2011). Defense counsel informed the court that Appellant had actually filed the request for disposition on January 20, 2011. The parties noted the significance of the date May 17, 2011 was that it was the date the MDOC Records Office notified Appellant that his request for disposition was a nullity because his arrest warrant was denominated a probation violation. Therefore, all parties and the court were aware of the correct dates

at issue; and no party suggested or indicated that the incorrect dates listed on Appellant's motion were fatal to his motion, nor did the court indicate they had any bearing on the court's denial of the motion.

3. Although Appellant designates this point as Points II and III, we find that it comprises one point only, and thus we refer to it as Point II. Correspondingly, Appellant's fourth designated point will be denominated Point III.

*State v. Collins,* 669 S.W.2d 933, 935 (Mo. banc 1984).

■ Appellant claims the prosecutor knew the arrest warrant for the charges filed in this case was incorrectly issued for a probation violation preventing Appellant from filing a request for disposition of detainer but did nothing to correct the error, thereby committing prosecutorial misconduct and depriving Appellant of his constitutional right to a speedy trial.[4]

Appellant has presented no evidence that the prosecutor knew the arrest warrant was incorrect or that he deliberately failed to correct it to hinder Appellant's due process rights. In fact, although Appellant raised this claim in his *pro se* motion to dismiss filed December 2, 2011, in arguing the motion on March 5, 2012, trial counsel maintained she was not arguing that the prosecutor was guilty of misconduct with regard to Appellant's detainer. Based on the foregoing, we find the trial court did not abuse its discretion in denying the motion to dismiss based on prosecutorial misconduct.

■ Appellant also maintains the trial court erred in denying his motion to dismiss based on the State's failure to comply with the Uniform Mandatory Disposition of Detainers Law (UMDDL), because the State failed to bring him to trial within 180 days of his request for disposition of his detainer. Whether a criminal case should be dismissed based on the UMDDL, Section 217.450 et seq.[5], is a question of law, which this court reviews *de novo. State v. Brown,* 377 S.W.3d 619, 621 (Mo.App.W.D. 2012).

When applicable, the UMDDL requires the trial court to dismiss with prejudice any pending indictment, information or complaint not brought to trial within 180 days. Section 217.460. Section 217.450.1 governs when a person has properly invoked his or her right to a trial within 180 days under the UMDDL. *Burgess v. State,* 228 S.W.3d 43, 45–46 (Mo.App.W.D. 2007). Section 217.450.1 of the UMDDL states:

> Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a law enforcement agency, prosecuting attorney's office, or circuit attorney's office has delivered a certified copy of a warrant and has requested that a detainer be lodged against him with the facility where the offender is confined. The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment.

Section 217.450.1. The request provided for in Section 217.450.1 is to be delivered to the Director of the Division of Adult Institutions (Director), who is to make specific certifications and send copies of the request and certificate to the court and the prosecuting attorney to whom it is addressed. Section 217.455.

To ascertain whether Appellant invoked his rights under the UMDDL, we must look to the available record. *State v. Laramore,* 965 S.W.2d 847, 849 (Mo.App.E.D. 1998). The record in this case reveals the following. Appellant was charged by complaint with two counts of sale of a controlled substance and felony possession of

---

4. Disposition of detainer laws do not apply to probation violation proceedings. *Carchman v. Nash,* 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985).

5. All statutory references are to RSMo 2012, unless otherwise indicated.

a firearm on May 27, 2010 in the Circuit Court of St. Charles County, Missouri. On May 27, 2010, a warrant was faxed to the St. Charles County Department of Corrections and hand-delivered to their warrant office. On May 27, 2010, the warrant was served to Appellant. After entry of counsel, arraignment, and bond set, reduced and posted, a plea hearing was set for September 20, 2010. On September 20, 2010, Appellant failed to appear at the plea hearing because of his incarceration in the Pike County Jail.

On September 23, 2010, a superseding warrant for arrest was issued from the St. Charles County Circuit Court, Judge Nancy L. Schneider's division, signed and dated by Judge Schneider. The warrant is prominently titled "Warrant for Arrest (Probation Violation)"; states in pertinent part, "You are commanded to arrest the above-named defendant who is alleged to have violated probation on the following charges"; then lists the two counts of sale of a controlled substance and the firearm possession charge. On September 28, 2010, a letter of incarceration was received by the court. The warrant was returned on September 29, 2010.

Appellant filed a Request for Disposition of Indictments, Informations or Complaints (Request) on January 20, 2011. The Request stated Appellant was confined at the MDOC in Pike County. Appellant addressed his Request to Judy Zerr, the Clerk of the Circuit Court of St. Charles County, the court in which his charges were then pending, and to Mr. Jack Banas, the prosecuting attorney charged with the duty of prosecuting the charges. Therefore, Appellant's Request fully complied with all of the requirements of Section 217.450.1 of the UMDDL.

Section 217.455 of the UMDDL states that the Request required by Section 217.450 shall be delivered to the Director who shall:

(1) Certify the term of commitment under which the offender is being held, the time already served, the time remaining to be served on the sentence, the time of parole eligibility of the offender, and any decisions of the state board of probation and parole relating to the offender; and

(2) Send by registered or certified mail, return receipt requested, one copy of the request and certificate to the court and one copy to the prosecuting attorney to whom it is addressed.

Appellant's request was not received by the trial court and the prosecuting attorney until January 20, 2012, through no fault of Appellant. Appellant complied fully with the statute; the Records Officer failed to forward it to the Director for certification and delivery to the correct officials to whom it was addressed. "Under the facts of this particular case, Defendant should not be denied the opportunity of requesting final disposition of the charges pending against him because of the prison official's refusal to process his request." *State ex rel. Clark v. Long,* 870 S.W.2d 932, 940 (Mo.App.S.D.1994). See also, *State v. Smith,* 686 S.W.2d 543, 547 (Mo.App.S.D.1985).

Once the offender delivers a request to the Director, the burden of compliance with this section is on the Director, not the offender. See *State v. Walton,* 734 S.W.2d 502, 503 (Mo.banc 1987). However, in this case, because the arrest warrant was mistakenly denominated for a probation violation, the Director did not send the certification and request to the court and the prosecutor because probation violations are not subject to the disposition of detainer law.

■ The trial court found Appellant waived his request by appearing in court and remaining silent on the issue. Howev-

er, this reasoning is erroneous on two grounds. First, once the prisoner has done what the statute requires of him, his obligations are fulfilled. *State ex rel. Kemp v. Hodge,* 629 S.W.2d 353, 358 (Mo. banc 1982). There is nothing in the statute requiring or indicating that he must make a second request. *Id.*

Second, the time for any ostensible waiver on the part of Appellant would have come when he appeared in open court prior to the expiration of the 180 days. In the instant case, Appellant filed his request on January 20, 2011. If it had been timely delivered, the 180 days would have expired on July 20, 2011. Appellant did not appear in open court for hearing prior to this date. Therefore, at no time during the relevant period did Appellant appear in court and ostensibly waive his request by remaining silent on the issue instead of bringing it to the court's attention, which we have already determined he was under no obligation to do.

Section 217.460 of the UMDDL provides:

> Within one hundred eighty days after the receipt of the request and certificate, pursuant to sections 217.450 and 217.455, by the court and the prosecuting attorney or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court, the offender or his counsel being present, the indictment, information or complaint shall be brought to trial. The parties may stipulate for a continuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. If the indictment, information or complaint is not brought to trial within the period and if the court finds that the offender's constitutional right to a speedy trial has been denied, no court of this state shall have jurisdiction of such

indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

■ The plain language of the UMDDL mandates the dismissal of a complaint not brought to trial within 180 days unless the 180–day period is tolled, *State v. Schmidt,* 860 S.W.2d 396, 397 (Mo.App.E.D.1993), *and* if the court finds that the offender's constitutional right to a speedy trial has been denied. Section 217.460 RSMo. Cum. Supp.2009. The burden of proving that the 180–day limitations period under the UMDDL should be extended is on the state. *Laramore,* 965 S.W.2d at 850. Here, the period of delay from January 20, 2011 to January 20, 2012 is attributable to the State, not Appellant, as it was the erroneous probation violation arrest warrant that caused Appellant's request filed January 20, 2011 to be placed away in a file until the error was discovered and his request was certified and sent to the proper authorities on January 20, 2012. However, once the prosecutor and circuit court were notified of Appellant's request, he was brought to trial in less than 60 days.

After reviewing the record before us and considering that the delay in bringing Appellant to trial is attributable to the State, and that good cause was not shown for this delay, this Court finds Appellant was not brought to trial within the required statutory period. Pursuant to Section 217.460, we must next determine if Appellant's constitutional right to a speedy trial has been violated.

■ Appellant's right to a speedy trial is founded upon the Sixth Amendment of the United States Constitution and Mo. Const. art. I, Section 18(a). *State v. Taylor,* 298 S.W.3d 482, 504 (Mo.banc 2009). The United States and Missouri Constitu-

tions provide equivalent protection for a defendant's right to a speedy trial. *State ex rel. McKee v. Riley*, 240 S.W.3d 720, 729 (Mo.banc 2007). To assess whether a right has been respected or denied involves a balance of four factors: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Taylor*, 298 S.W.3d at 504.

We found Appellant effectively asserted his right to speedy trial and the reason for the delay was attributable to the State. The length of the delay is a "triggering mechanism" because until there is a "delay [that] is presumptively prejudicial," there is no need to discuss the other factors that are part of the balancing process. *State ex rel. Garcia v. Goldman*, 316 S.W.3d 907, 911 (Mo.banc 2010). The delay in bringing a defendant to trial is measured from the time of arrest, not from the time that the right is first asserted. *McKee*, 240 S.W.3d at 729. The protections of the speedy trial provisions attach when there is a formal indictment or information, or when actual restraints are imposed by arrest and holding to answer a criminal charge. *Id.* In addition to the period after indictment, the period between arrest and indictment must be considered in evaluating a speedy trial clause claim. *Id.*, citing *United States v. Mac-Donald*, 456 U.S. 1, 6, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982).

Missouri courts have held that delays longer than eight months are presumptively prejudicial. *Garcia*, 316 S.W.3d at 911 and *McKee*, 240 S.W.3d at 729. In the instant case, it was 21–1/2 months from the date of Appellant's initial arrest and charge by complaint filed by the St. Charles prosecuting attorney to trial (May 27, 2010 to March 13, 2012); and 17–2/3 months from the date of the issuance of the superseding probation violation arrest warrant for his failure to appear at the September 20, 2010 plea hearing to trial (September 23, 2010 to March 13, 2012). Measured either way, the delay in this case is presumptively prejudicial.

Whether a defendant was prejudiced by any delay in going to trial is the most important factor in the speedy trial analysis. *Williams*, 34 S.W.3d at 447. In this case, Appellant was presumptively prejudiced by the length of the delay, and unless this presumption of prejudice is rebutted, we will deem Appellant's constitutional right to speedy trial to have been violated. Such presumptive prejudice is rebuttable by the State. *State v. Sisco*, — S.W.3d —, —, 2013 WL 324031, at *8 (Mo.App.W.D.2013); *Garcia*, 316 S.W.3d at 913.

Further, while some degree of prejudice to Appellant is presumed, the weight given any prejudice is for the trial court to assess. *Sisco*, — S.W.3d at —, 2013 WL 324031 at *9. The ultimate decision in this case rests squarely within the discretion of the trial court. *Id.* In the instant case, because the trial court did not determine whether Appellant's constitutional speedy-trial right was violated or to assess the singular prejudice element, we remand for that purpose.

Appellant also argues the trial court erred in denying his motion to dismiss charges for illegal and invalid arrest warrant, but his point relied on includes no such claim of error. The point relied on only asserts that the trial court erred in denying his motion to dismiss charges for prosecutorial misconduct and violation of due process with regard to the detainers law violation. These were wholly separate motions presenting different issues resolved by separate orders of the trial court. We only consider arguments raised in the points relied on and do not consider

arguments raised in the argument portion of the brief which are not encompassed by the points relied on. *State v. Irby*, 254 S.W.3d 181, 195 (Mo.App.E.D.2008).

Based on the foregoing, Point I is granted in part and denied in part.

### Point II

 Appellant claims the trial court erred in denying his motions for acquittal at the close of the State's evidence and at the close of all of the evidence on the grounds that the State had not made a submissible case. Appellant maintains the State did not make a submissible case because it withheld evidence and procured false testimony. Appellate review of a claim of insufficient evidence supporting a criminal conviction is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Chaney*, 967 S.W.2d 47, 52 (Mo.banc 1998).

Appellant makes no substantive argument supporting his contention that the State failed to make a submissible case that he unlawfully possessed a firearm and sold a controlled substance on two occasions. Appellant does not allege how or where the evidence was insufficient or even as to which charge. We find the record demonstrates the State presented sufficient evidence for both the gun and drug charges to be submitted to the jury, in the form of Det. Feagans's testimony; the heroin itself; lab results, lab reports, and testimony of the forensic scientist; the surveillance audio recording of the buy; testimony of surveillance team member Officer Dennis Meyer, who also searched Appellant's car post-arrest and found the pistol; the pistol; and the testimony of the drug task force unit commander Lieutenant Michael Marshall, who also participated in the surveillance of the transactions between Appellant and Det. Feagans. Accordingly, the State made a submissible case of unlawful possession of a firearm and the two counts of sale of a controlled substance.

Appellant maintains the State did not make a submissible case because it suppressed evidence exonerating Appellant of the charges against him and procured false testimony from Det. Feagans implicating Appellant. Suppressing evidence and procuring witness testimony known to be false are not components of whether a submissible case has been made, and are wholly separate issues.

Appellant did not include any issue with regard to the State allegedly withholding evidence in his motion for new trial, and thus this argument is not preserved for our review under Rule 29.11(d).[6] See *State v. Hamilton*, 996 S.W.2d 758, 761 (Mo.App.S.D.1999). We may review it for plain error. Rule 30.20. Although in his motion for new trial Appellant alleged the trial court erred in overruling his objection to Det. Feagans's testimony, he does not set forth the reason why he objected, *i.e.,* procuring false testimony. To preserve an objection to evidence for review, the objection stating specific grounds made at trial must also be included in a motion for new trial. *State v. Brethold*, 149 S.W.3d 906, 909 (Mo.App.E.D.2004). Therefore, this issue is inadequately preserved and also reviewed, if at all, for plain error only. Under this standard of review, we reverse only if a plain error affecting a substantial right results in manifest injustice or miscarriage of justice. *Irby*, 254 S.W.3d at 192. A defendant bears the burden of demonstrating manifest injustice or miscarriage of justice. *Id.* Plain errors are evident, obvious, and clear; we determine

---

**6.** All rule references are to Mo. R.Crim. P.2012.

whether such errors exist based on the facts and circumstances of each case. *Id.*

The *Brady* rule [7] requires the State to disclose evidence in its possession that is favorable to the accused and material to guilt or punishment. *State v. Goodwin,* 43 S.W.3d 805, 812 (Mo.banc 2001). Under this rule, the State violates constitutional guarantees of due process if: (1) it does not disclose evidence that is favorable to the defendant because it is exculpatory or impeaching; (2) it has suppressed the evidence either intentionally or inadvertently; and (3) the undisclosed evidence is material. *Duley v. State,* 304 S.W.3d 158, 162 (Mo.App.W.D.2009). Evidence is material if it would have provided the defendant with plausible and persuasive evidence to support a theory of innocence or would have enabled the defendant to present a plausible, different theory of innocence. *Id.* at 163.

■ Appellant argues the State withheld the CI's identity from the defense. Appellant argues the CI's testimony would have helped his case and could have been used to impeach Det. Feagans's testimony. This argument is specious because Appellant knew the CI, spoke with him on the phone, and set up the illegal drug buys with him. Appellant was free to call the CI as a witness, and the State did nothing to prevent this from occurring. Appellant merely states Det. Feagans's testimony with regard to his conversations with the CI and what the CI said constituted hearsay, and was false.

Appellant argues the State failed to disclose the surveillance videotape from the Taco Bell parking lot, photographs of his vehicle, fingerprint evidence and telephone records of conversations between him and the CI. Appellant claims this evidence would demonstrate his lack of involvement in the crimes. Appellant was fully able to procure this evidence through discovery but apparently failed to do so and even more germane to his claim, he fails to show these items were wrongfully withheld from him by the State. The record demonstrates that on July 20, 2010, Appellant's counsel made motions for discovery. Appellant's counsel filed a motion to withdraw on December 20, 2010, which was granted by the trial court on January 3, 2011. Appellant filed a motion for discovery on September 6, 2011. On September 28, 2011, new counsel entered her appearance for Appellant and filed a motion for discovery. On October 31, 2011, Appellant requested additional discovery in the form of audio recordings of any transactions. Appellant was notified he was required to provide blank disks to the prosecuting attorney's office for such discovery. On January 12, 2013, Appellant's counsel filed a notice of depositions. On January 13, 2012, the State sent additional discovery. On January 26 and February 3, 2011, additional and supplemental discovery letters were filed by the prosecutor. On February 6, 2011, the prosecutor filed a notice of intent to use business records. The record demonstrates that discovery was had by Appellant, and he presents no evidence of wrongful withholding of any evidence from him by the State. And, as previously noted, he made no mention of this allegation or of the false testimony contention in his motions for acquittal or for new trial.

Based on the foregoing, Appellant has not shown that the State failed to make a submissible case, withheld evidence, or suborned false witness testimony. Point II is denied.

### Point III

■ Appellant's claim that his trial counsel was ineffective in stipulating to

7. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

and allowing the admission of his felony guilty plea cannot be raised in a direct appeal, but can be raised only in a Rule 29.15 motion for post-conviction relief. *State v. Giaimo*, 968 S.W.2d 157, 159 (Mo. App.E.D.1998).

Appellant contends the trial court plainly erred when it instructed the jury as to his prior felony conviction because its mention deprived him of his right to be tried only for the crime with which he is charged.

The State presented evidence of Appellant's prior felony conviction at trial without objection. The parties also stipulated that Appellant had a prior felony conviction in that he pled guilty to second-degree trafficking on December 9, 2004, and this stipulation was read to the jury, because the prior felony conviction was an element of one of the crimes with which Appellant was charged, to-wit: unlawful possession of a firearm. Section 571.070 provides: "A person is guilty of unlawful possession of a firearm if he knowingly has a firearm in his possession and he has been convicted of a felony." Thus, this evidence was admissible for the limited purposes of establishing an element of the offense of unlawful possession of a firearm as well as instructing the jury as to this element of said offense.

■ It is a well-established general rule that proof of the commission of separate and distinct crimes is not admissible unless such proof has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial. *State v. Vorhees*, 248 S.W.3d 585, 587 (Mo. banc 2008). Here, not only did Appellant's prior felony conviction have a legitimate tendency to establish his guilt of the unlawful firearm possession charge, it was a required element. Accordingly, the evidence was admissible for this purpose and, as an element of the charge, it had to be

included in the jury's instruction. For the foregoing reasons, Point III is denied.

### Conclusion

The judgment of the trial court is affirmed in part and remanded in part. This cause is remanded for the limited purpose of conducting an evidentiary hearing on whether Appellant's constitutional speedy trial right was violated pursuant to the disposition of detainers law set forth in Section 217.460.

LAWRENCE E. MOONEY, P.J., and ROBERT G. DOWD, JR., J., concur.