# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE


| | | |
|---|---|---|
| DANIEL MCKAY, | ) | No. ED103549 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | 1511-CC00453 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Nancy L. Schneider |
| | ) | |
| Respondent. | ) | Filed: June 28, 2016 |

Daniel K. McKay ("Movant") appeals from the motion court's judgment denying his successive motion for post-conviction relief without an evidentiary hearing. Movant was convicted, following a jury trial, of one count of unlawful possession of a firearm and two counts of sale of a controlled substance. State v. McKay, 411 S.W.3d 295, 297 (Mo. App. E.D. 2013). He was sentenced to twenty years in prison on each of the controlled substance counts and seven years in prison on the firearms count, with the sentences ordered to run concurrently with each other and with a prior fifteen-year sentence he was serving for a narcotics-trafficking conviction in another county, where he had been on probation at the time of his arrest in this case. Id. at 299. We reverse and remand.

## I. Background

On May 27, 2010, Movant was charged by the St. Charles Prosecuting Attorney's Office with selling a controlled substance on May 25, 2010, and selling a controlled substance and unlawfully possessing a concealable firearm on May 26, 2010. At the time, Movant was on

probation in Pike County for second-degree trafficking of narcotics. McKay, 411 S.W.3d at 297. Movant was sentenced to twenty years in prison on each of the controlled substance counts and seven years in prison on the firearms count, with the sentences ordered to run concurrently with each other and with a prior fifteen-year sentence he was serving for the narcotics-trafficking conviction in Pike County. Id. at 299.

On appeal, this Court affirmed in part and remanded in part for an evidentiary hearing on the question of whether Movant's constitutional rights to a speedy trial were violated when he was brought to trial more than 180 days after an alleged request for disposition of a detainer under the Uniform Mandatory Disposition of Detainers Law ("UMDDL"), which was allegedly filed on January 20, 2011.[1] Id. at 306. The mandate issued from this Court on November 14, 2013, and Movant filed a pro se motion for post-conviction relief under Rule 29.15 on February 5, 2014, based on the judgments affirmed in part. Id. at 306. Regarding that post-conviction relief motion, on February 7, 2014, the motion court appointed the Public Defender's Office to represent Movant. On March 14, 2014, Movant filed an amended motion, raising claims of ineffective assistance of trial counsel for failing to file and litigate a motion to suppress evidence and for failing to object to the form of the judgment. On August 28, 2015, the motion court denied Movant's amended motion without an evidentiary hearing.

---

[1] "The UMDDL provides for the prompt disposition of detainers based on untried state charges pending against a prisoner held within the state's correctional system." Burnes v. State, 92 S.W.3d 342, 345 (Mo. App. S.D. 2003); Mo. Rev. Stat. §§ 217.490-.520. Section 217.450.1 prescribes when and how a prisoner can make a request under the UMDDL:

> Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a law enforcement agency, prosecuting attorney's office, or circuit attorney's office has delivered a certified copy of a warrant and has requested that a detainer be lodged against him with the facility where the offender is confined. The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment.

Meanwhile, on January 10, 2014, the trial court held a hearing as ordered by this Court regarding Movant's right to a speedy trial. In its order for remand, this Court held that there was a presumptive prejudice created by the delay in bringing Movant to trial, which could be rebutted by the state. Id. at 303. During the remand evidentiary hearing, both Movant and the trial prosecutor testified. The court took judicial notice of its files and admitted several exhibits, as well as a stipulation to facts contained within the previous appellate opinion. Movant was represented by trial counsel, Ms. Rebecca Winka.[2] On January 31, 2014, the trial court decided Movant's right to a speedy trial had not been violated; and the state rebutted the presumption of prejudice from the delay. On February 6, 2014, Movant filed a notice of appeal to this Court, appealing the trial court's ruling on remand. On April 7, 2015, this Court affirmed the trial court's ruling on remand, issuing its mandate on May 5, 2015. State v. McKay, 460 S.W.3d 480 (Mo. App. E.D. 2015).

On May 26, 2015, Movant filed a second pro se motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. Movant's motion stated his claims for vacating, setting aside or correcting his conviction and sentence were as follows:

> (a) Warrant was false issued by Prosecutor which detainer was for a Probation Violation which stop by 180 day writ to be filed.
> (b) Ms. Winka didn't call my witness which I filed and got notarize[d] as my motion and mailed to the court which was never heard.

The motion court appointed the Public Defender's Office Appellate/PCR Division to represent Movant on June 1, 2015. Post-conviction counsel entered an appearance and requested an extension of an additional thirty days to file an amended motion, which the motion court

---

[2] Notably, as the evidentiary remand hearing began, the trial court questioned whether Movant had any objection to trial counsel representing him again, in light of the fact that, at the time he was sentenced following his conviction, he voiced dissatisfaction with her services. Defendant responded that he had no objection.

3

granted.[3]  However, before Movant's amended motion was due, on August 28, 2015, the motion court issued an order dismissing the post-conviction motion as successive.

Movant filed a Notice of Appeal on October 7, 2015.  This appeal follows.

## II.  Discussion

In his sole point on appeal, Movant argues the motion court clearly erred in dismissing his Rule 29.15 pro se motion for post-conviction relief because he was denied his due-process rights, as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution, in that his pro se motion was not successive.  Movant argues his second direct appeal intervened; his pro se motion was directed to claims relative to the hearing on remand; and the motion court dismissed his case before an amended motion was due.

A. Standard of Review

Review of a Rule 29.15 judgment is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous.  Rule 29.15(k).  Findings and conclusions are clearly erroneous if, after reviewing the entire record, there is a definite and firm impression that a mistake has been made.  Moore v. State, 328 S.W.3d 700, 702 (Mo. banc 2010).

B.  Analysis

Rule 29.15(e) states,

> When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant.  Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence.  If the motion does not assert sufficient facts or include all claims

---

[3] Rule 29.15(g) provides that an amended motion shall be filed within sixty days of the date both the mandate of the appellate court is issued and counsel is appointed.  The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

4

known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims.

An amended PCR motion differs significantly from the original pro se motion. Bullard v. State, 853 S.W.2d 921, 922 (Mo. banc 1993). An amended PCR motion is a final pleading, which requires legal expertise and must set forth all grounds for relief known to the movant. Id. An original motion, on the other hand, is "relatively informal, and need only give notice to the trial court, the appellate court, and the State that movant intends to pursue relief under Rule 29.15." Id. at 922-23.

Additionally, Rule 29.15(l) dictates that "[t]he circuit court shall not entertain successive motions." A motion is successive if it follows an earlier post-conviction motion addressing the same conviction. Zeigenbein v. State, 364 S.W.3d 802, 804 (Mo. App. S.D. 2012) (citing Turpin v. State, 223 S.W.3d 175, 176 (Mo. App. W.D. 2007)). Successive motions are prohibited to avoid delay in processing prisoners' claims and to prevent litigating stale claims. Burston v. State, 343 S.W.3d 691, 695 (Mo. App. E.D. 2011) (citations omitted).

Movant argues the second pro se motion for post-conviction relief should not have been dismissed as successive because Movant filed the second pro se motion after the hearing on remand, but still within Rule 29.15's time limits, and his claims were related to the hearing on remand. Movant argues his case is similar to that of Kniest v. State, 133 S.W.3d 70, 71 (Mo. App. E.D. 2003), wherein the movant entered a guilty plea and was sentenced for the convictions. The movant requested post-conviction relief under Rule 24.035, the motion court granted re-sentencing in part based on the trial court's failure to make a finding on the record that the movant was a prior and persistent offender, and therefore eligible for sentence enhancement. Id. After re-sentencing, the motion court denied the movant's request for post-conviction relief pursuant to Rule 24.035. Id. Soon thereafter, the Kniest movant filed a second Rule 24.035

5

motion, pro se, alleging that at the re-sentencing hearing, and at the original guilty plea, the State failed to present evidence of his prior convictions necessary to sentence him as a prior and persistent offender. Id. The motion court issued findings of fact and conclusions of law granting the State's motion to dismiss the second motion as successive. Id. On Appeal, this Court reversed, finding the pro se motion had not been successive because it had not followed upon the earlier post-conviction motion and was "directed to claims relative to the re-sentencing," and the re-sentencing had intervened between the first post-conviction motion and the second. Id. The Court held, "if the second motion is directed to claims relative to the re-sentencing, it is not successive." Id.

Here, the State argues Kniest is inapplicable because there was no new sentence in the case of Movant. The State contends the criminal case became final when the conviction and sentence were imposed. See State v. Hotze, 250 S.W.3d 745, 746 (Mo. App. E.D. 2008). Thus, the second post-conviction motion challenged the same criminal conviction and sentence, and was successive, the State argues. Bain v. State, 59 S.W.3d 625 (Mo. App. E.D. 2001) (a re-sentencing and second direct appeal intervened, allowing the defendant to file a second post-conviction motion to raise claims relative to re-sentencing and the second direct appeal). However, we find the remand evidentiary hearing here similar to the re-sentencing in Kniest in that Movant could only raise claims related to the remand hearing in a second post-conviction motion, not in his first post-conviction motion prior to the remand hearing's occurrence.

We agree with Movant that his second post-conviction relief motion was not successive. Before filing his second post-conviction relief motion, Movant waited until he directly appealed for a second time, which contested the trial court's judgment relating to the remand hearing in which the trial court found Movant had not been prejudiced by the delay in bringing his criminal

6

case to trial. In Movant's second pro se post-conviction relief motion, he could then raise any claims of ineffective assistance of counsel during the second direct appeal. Further, the second pro se motion, in fact, raised claims relative to the hearing on remand, which included the issue of Movant's right to a speedy trial under UMDDL and whether Movant was prejudiced. Movant alleged in his second pro se motion that the Department of Corrections did not allow him to file a Motion for Disposition of Detainers because the St. Charles County Prosecuting Attorney's Office had incorrectly filed a detainer for a probation violation warrant, instead of for an untried complaint, and that counsel had not called the witness Movant had asked her to call. Although Movant's "relatively informal," pro se motion gave notice that Movant intended to pursue relief under Rule 29.15(e), Movant's appointed counsel never had a chance to file the amended motion, which would have been the final, expert legal pleading setting forth all grounds for relief known to the movant and would have more clearly defined Movant's claims related to the remand evidentiary hearing, which could not have been raised in Movant's first post-conviction relief motion. Rule 29.15(e); <u>Bullard</u>, 853 S.W.2d at 922-23.

Accordingly, Movant's point on appeal is granted. We find the motion court clearly erred in dismissing Movant's pro se motion for post-conviction relief. We reverse and remand this cause with directions that the motion court reinstate the underlying post-conviction relief motion and provide an opportunity for an amended motion to be filed.

### III. Conclusion

The motion court's judgment is reversed and remanded.

_____
ROY L. RICHTER, Judge

Robert G. Dowd, Jr., P.J.,
Mary K. Hoff, J., concur.

7