**Daniel MCKAY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. SC 95909

Supreme Court of Missouri, **en banc.**

Opinion issued June 27, 2017

McKay was represented during arguments by Lisa M. Stroup of the public defender's office in St. Louis, (314) 340-7662.

The state was represented by Evan Buchheim of the attorney general's office in Jefferson City, (573) 751-3321.

Laura Denvir Stith, Judge

Daniel McKay appeals the motion court's order dismissing as "successive" his motion for post-conviction relief alleging the trial court erred in rejecting his speedy trial claim. Although Mr. McKay previously filed a motion for post-conviction relief, he did so only as to claims other than the speedy trial claim, because while the appellate court purported to "affirm in part" those other claims, it ordered the speedy trial claim remanded for a hearing. Mr. McKay then separately appealed and filed for post-conviction relief after the trial court denied his speedy trial claim on remand.

In this circumstance, Mr. McKay did not file a successive motion for post-conviction relief. Rather, his initial motion was premature because it was filed prior to a determination on appeal whether the judgment of conviction would be affirmed. The premature filing was caused by the appellate court's error in stating the conviction was "affirmed in part" even though the issue on which the appellate court remanded, if resolved in the defendant's favor, would have resulted in vacation of Mr. McKay's conviction. The appellate court should have held the appeal pending the remand on Mr. McKay's speedy trial motion, or vacated the judgment and remanded the entire case for the speedy trial determination.

Where, as here, the initial motion was premature, then a motion timely filed after the entire conviction is affirmed is not successive but rather should be considered a timely supplement to the initial motion. To the extent the claims raised in the premature motion already were ruled against Mr. McKay, that ruling is vacated because it was entered before the time Mr. McKay's pro se motion could be considered or an amended motion filed. Accordingly, the motion court's order is vacated and remanded with instructions that, because Mr. McKay's pro se motion was timely, the motion court should allow Mr. McKay's counsel to file a single amended motion addressing all of his claims, including those previously determined.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 2012, Mr. McKay was convicted, following a jury trial, of two counts of sale of a controlled substance and one count of unlawful possession of firearms. He was sentenced to two 20-year prison terms for selling controlled substances and a seven-year term for possess-

ing a concealable firearm while on probation. Mr. McKay raised several claims of error on appeal, including a claim his right to speedy trial was violated because he was not brought to trial until more than 180 days after he filed a request for disposition of the detainer under the Uniform Mandatory Disposition of Detainers Law (UMDDL). *§§ 217.450-217.520, RSMo Supp. 2013.*

The appellate court issued an opinion finding no error as to most of the claims raised on appeal but finding the trial court should have held an evidentiary hearing to determine whether Mr. McKay's speedy trial right was violated and whether he was prejudiced by the delay in bringing him to trial. *State v. McKay,* 411 S.W.3d 295 (Mo. App. 2013). The opinion concluded the case was "affirmed in part and remanded in part." *Id.* at 306. The mandate itself, issued November 19, 2013, said the case was "remanded in part" and "affirmed in all other respects" in accordance with the opinion just issued.

From that point, the case proceeded on parallel paths. Believing the time to file his post-conviction motion on the non-speedy trial claims began to run when the appellate court's mandate issued stating it "affirmed" the judgment against him "in all other respects," Mr. McKay filed his post-conviction motion on all but the remanded speedy trial claim on February 5, 2014. More than a year later, on August 28, 2015, the motion court denied relief without conducting an evidentiary hearing. The court of appeals affirmed on August 23, 2016.

Meanwhile, the trial court conducted an evidentiary hearing as to the remanded speedy trial claim on January 10, 2014. The state presented evidence it claimed rebutted the presumption of prejudice arising from the delay in bringing Mr. McKay to trial. The trial court denied relief on Mr. McKay's speedy trial claim on January 31, 2014. Mr. McKay appealed that ruling on February 6, 2014. A year later, the court of appeals affirmed the denial of Mr. McKay's speedy trial claim and issued a second mandate on May 11, 2015, affirming the conviction. On May 26, 2015, Mr. McKay filed a second post-conviction motion, this one alleging ineffective assistance as to the speedy trial claim. The public defender appeared and was granted leave to file an amended motion, but before the time for filing the amended motion ran, the motion court dismissed Mr. McKay's post-conviction motion as "successive." Mr. McKay appealed the dismissal, arguing his motion could not be successive as he could not have raised the speedy trial issue in his prior motion because it was still pending before the trial court. Following a decision by the court of appeals, this Court granted transfer.

## II. A POST-CONVICTION MOTION FILED BEFORE THE JUDGMENT IS FINALLY AFFIRMED IS PREMATURE AND SHOULD BE HELD IN ABEYANCE PENDING THE TIME AT WHICH A POST-CONVICTION MOTION PROPERLY MAY BE FILED

Rule 29.15 and Rule 24.035 permit the filing of motions for post-conviction relief from a judgment of conviction. *Id.* A motion for post-conviction relief is a "collateral attack on a final judgment of a court." *Dorris v. State,* 360 S.W.3d 260, 269 (Mo. banc 2012) (quotation omitted). Therefore, to file a motion for post-conviction relief, there must be a final judgment subject to collateral attack. Rules 29.15 and 24.035 permit a defendant to collaterally attack a judgment only once, however; Rule 29.15(*l*) and Rule 24.035(*l*) prohibit the filing of successive motions raising the same claims or claims that could have been

brought under a prior motion. *Smith v. State*, 21 S.W.3d 830, 831 (Mo. banc 2000) (claim movant suffered from mental illness that interfered with his right to seek post-conviction relief raised for the first time in his third motion was deemed successive under Rule 29.15); *Futrell v. State*, 667 S.W.2d 404, 406-07 (Mo. banc 1984) (claim available at the time of the first motion constitutes a "successive" claim when raised in a second motion). The intent of this prohibition is "to ensure that a movant receives a single—but meaningful—opportunity for timely post-conviction relief." *Whitfield v. State*, 435 S.W.3d 700, 701 (Mo. App. 2014), *citing, Price v. State*, 422 S.W.3d 292, 296 (Mo. banc 2014).

Here, the motion court dismissed as successive Mr. McKay's post-conviction motion attacking the denial of his speedy trial claim. Review of the dismissal of a motion for post-conviction relief as "successive" is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *Rule 29.15(k)*; *Gehrke v. State*, 280 S.W.3d 54, 56 (Mo. banc 2009). A motion court's findings and conclusions are clearly erroneous only if this Court, after reviewing the entire record, is left with the definite and firm impression that a mistake has been made. *Gehrke*, 280 S.W.3d at 56-57.

The trial court erred in dismissing Mr. McKay's speedy trial claim as successive. While Rules 29.15(b) and 24.035(b) establish a narrow time window within which the defendant must file a post-conviction motion, that window does not close before the judgment being collaterally attacked is final. The rules require that only a single post-conviction motion may be

filed. In light of this strict rule, it is vital a defendant not be led into filing a motion prematurely and thereby losing his entitlement to seek post-conviction review of still-pending claims through a partial affirmance of a judgment. Rather, Rule 29.15 and its companion Rule 24.035 contemplate only one mandate affirming a conviction. Rule 29.15(b) provides, "If an appeal of the judgment or sentence sought to be vacated ... was taken, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence." Rule 24.035(b) provides, "If an appeal of the judgment or sentence sought to be vacated ... was taken, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence." Both of the rules thereby contemplate a single mandate that starts the running of the 90-day period for filing a motion. Any motion filed prior to that time is premature and does not start the time running for filing a post-conviction motion.[1]

Confusion as to when the time began to run for Mr. McKay's post-conviction motion was precipitated by the language of the appellate court's first mandate. It purported to "affirm in part" Mr. McKay's convictions. In possession of such a mandate, it is understandable Mr. McKay believed it best that he file his Rule 29.15 motion and the motion court believed it best to rule on the motion. There was no need to do either, however.

An appellate court cannot "affirm in part" a conviction it is remanding for further hearing and possible vacation. A review of the opinion in Mr. McKay's case

---

1. As presently written, Rule 24.035(a) also requires the defendant be "delivered to the custody of the department of corrections" to file a motion. But see revisions to Rule 24.035 effective January 1, 2018. In addition, when a defendant does not appeal, both rules now provide the post-conviction motion "shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections." *Rule 29.15(b)*; *Rule 24.035(b)*.

reveals the appellate court actually did not "affirm in part" but rather rejected all of his claims other than his speedy trial claim. *McKay,* 411 S.W.3d at 295. Its opinion stated an evidentiary hearing was needed on the issue of prejudice as to the speedy trial claim before the appellate court could rule on the claim, but all of his other claims were without merit. *Id.*

But Mr. McKay's speedy trial claim related to *all* of Mr. McKay's convictions, not just to some. If valid, it would have required vacation of all his convictions and entry of judgments of acquittal on those convictions. It was "premature," therefore, for the appellate court to state it "affirmed in part" Mr. McKay's convictions when what it really meant was it was rejecting in part Mr. McKay's arguments on appeal. In the absence of a final mandate, it was premature for the motion court to rule on the merits of Mr. McKay's initial pro se and amended motions. The time for consideration of the motion had not yet arrived.

The logic of this analysis is evident when one considers what would have happened had the speedy trial issue been resolved in Mr. McKay's favor on remand or on appeal from denial of his speedy trial claim on remand. If that had occurred, his convictions would have been vacated. That would have left in place the "affirmance in part" of Mr. McKay's convictions, and the judgment affirming denial of post-conviction relief from those convictions, even though the convictions had been vacated.

What the appellate court should have done, and what it normally does in such a case, is either to reverse the conviction and remand to the trial court for an evidentiary hearing, or hold the case pending remand for an evidentiary hearing. *See, e.g., State v. Robinson,* 753 S.W.2d 36, 38 (Mo. App. 1988) (appellate court remanded for evidentiary hearing on a single claim directing the trial court to certify its findings and conclusions, after which the appellate court proceeded with the disposition of the appeal). Rule 29.15(b) and Rule 24.035(b) explicitly provide for a second appeal of "the new judgment" after the "appellate court remand[ed] the case resulting in entry of a new judgment or sentence." [2] In either case, the appellate court would then issue a single mandate either affirming or reversing the convictions. Either of these approaches avoids the problem that arose here of splitting the single judgment of conviction into two parts that take different paths. Such splitting is contrary to the rationale of Rules 29.15(*l*) and 24.035(*l*) to litigate all claims once in a timely manner.

This leaves the question of how to treat a post-conviction motion, like that filed by Mr. McKay, filed before the mandate issues affirming the entire judgment. This Court has not had occasion to address that issue, but Missouri's court of appeals has done so on numerous occasions. These decisions generally have held Rule 29.15 motions filed prior to the issuance of the mandate are premature and have directed they be held by the motion court pending issuance of the mandate, at which point the pro se motion will be considered filed and the time will begin to run for filing an amended motion.[3] *See, e.g., Nolan v. State,* 959 S.W.2d 939, 940 (Mo. App. 1998);

---

**2.** In such a case, the post-conviction motion must be filed "within 180 days of the later of: (1) [t]he date the person is delivered to the custody of the department of corrections; or (2) [t]he date the new judgment or sentence was final for purposes of appeal." *Rule 29.15(b); Rule 24.035(b).*

**3.** Rule 29.15(b) and Rule 24.035(b) state in relevant part: "Failure to file a motion within the time provided by this [rule] shall constitute a complete waiver of any right to proceed under this [rule] and a complete waiver of any claim that could be raised in a motion filed pursuant to this [rule]."

*Wright v. State,* 501 S.W.3d 907, 908 (Mo. App. 2016). *Woods v. State,* 53 S.W.3d 587, 588-89 (Mo. App. 2001), specifically rejected the notion that a timely-filed second motion can be dismissed as untimely when a litigant has prematurely filed a pro se motion before the mandate issued.

Unlike Rule 29.15, Rule 24.035 requires both the mandate issue and the defendant be "delivered to the control of the department of corrections" before filing a post-conviction motion. *Compare Rule 29.15(a) with Rule 24.035(a).* Court of appeals decisions under Rule 24.035 traditionally have treated a motion filed before delivery as not just premature, but as requiring dismissal of the motion without prejudice to again filing it once the conviction is final and the defendant is delivered to the department of corrections. *See, e.g., Ramsey v. State,* 98 S.W.3d 578, 579 (Mo. App. 2002); *Roth v. State,* 921 S.W.2d 680, 681 (Mo. App. 1996).

It is unclear why failure to meet one prerequisite to filing a post-conviction motion should be treated as merely rendering the motion premature, while the failure to fulfill another should require dismissal. In each case, the motion is filed prematurely because a necessary prerequisite to relief is lacking. Neither rule provides a consequence for filing prematurely; instead, they provide only a deadline, the latest the motion can be filed after the triggering events for their filing. *Woods,* 53 S.W.3d at 588 (clarifying that a premature motion is not "untimely," and the rules prohibit only untimely motions).

■ The confusing inconsistency in treatment of post-conviction motions filed

under Rule 29.15 and Rule 24.035 will be abated in future cases by this Court's amendment of Rule 24.035, effective January 1, 2018, to delete the requirement the defendant be delivered to the department of corrections before the time for filing a Rule 24.035 motion begins to run.[4] In the meantime, as is the case with a prematurely filed appeal—one filed before the trial court judgment has become final[5]—where a premature post-conviction motion has been filed under Rule 29.15 or Rule 24.035, it should be held pending the time for filing of the post-conviction motion arises. At that point the premature motion, as filed or as supplemented within the time permitted for filing such a motion, should be considered filed by the motion court. The motion court should follow the rule's requirements for notifying and appointing counsel and the time for filing an amended motion will then begin to run. *Rules 24.035(e)*; *29.15(e).*

To clarify the appropriate way to handle prematurely filed motions, this Court also has revised both post-conviction rules to identically state the time before which a motion should not be filed, stating in part:

If an appeal of the judgment or sentence sought to be vacated, set aside or corrected is taken, the motion shall be filed within 90 days after the date the mandate of the appellate court issues affirming such judgment or sentence.

If an appeal of such judgment or sentence sought to be vacated, set aside or corrected is taken and the appellate court remands the case for further proceedings, the motion shall be filed within 180 days of the date the court's resulting judgment or sentence becomes final for

---

4. This revision was published on June 27, 2017 and, pursuant to article V, section 5 of the Missouri Constitution, may not "take effect before six months after its publication."

5. *Rule 81.05(b)* ("In any case in which a notice of appeal has been filed prematurely, such notice shall be considered as filed immediately after the time the judgment becomes final for the purpose of appeal.").

purposes of appeal if no appeal is taken after remand. If an appeal of the resulting judgment or sentence is taken after remand, then the motion shall be filed within 90 days after the date the mandate of the appellate court issues affirming the judgment or sentence entered after remand.

*Rule 29.15 (b), revised effective January 1, 2018; Rule 24.035(b), revised effective January 1, 2018.* Similarly, this Court has included in the revisions to both rules this proviso:

> If the motion is filed prematurely, such motion shall be considered as filed immediately after the time to file an appeal has expired if no appeal is taken, including if no appeal is taken after any remand of the judgment or sentence following a prior appeal, or the date the mandate of the appellate court issues affirming the judgment or sentence.

*Id.*

This case, however, is governed by the current version of Rule 29.15. Applying that rule, and as set out in prior court of appeals cases addressing premature motions filed under Rule 29.15, it was error for the motion court hearing Mr. McKay's first post-conviction motion to reach the merits. Because the motion was premature, the motion court should have held it until a final judgment was reached and the mandate issued after the appeal on Mr. McKay's speedy trial claim.

On May 26, 2015, only 15 days after the court of appeals affirmed the denial of Mr. McKay's speedy trial claim and issued its "second" mandate on May 11, 2015, Mr. McKay timely filed his "second" post-conviction motion. The motion court erred in dismissing that motion as successive. In this unusual fact situation, the motion court should have treated the second motion as timely and as incorporating the first pro se motion. It should have permitted Mr. McKay's counsel to file his amended post-conviction motion addressing all of his claims, including those raised in his initial motion as well as those raised in his second pro se motion, which should be considered in the nature of a supplement to his first, prematurely filed pro se motion. It was error to dismiss Mr. McKay's timely pro se motion as successive.

## III. CONCLUSION

For the foregoing reasons, this Court vacates the dismissal of Mr. McKay's second post-conviction motion and instructs the circuit court to treat both the premature and timely pro se motions as a single motion and allow Mr. McKay's appointed counsel to file an amended post-conviction motion on all the issues, including those litigated in the premature motion.

Breckenridge, C.J., Fischer, Draper, Wilson and Russell, JJ., concur.

Powell, J., not participating.