

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| T'ODDRE D. HUDSON, | ) | |
| Appellant, | ) | |
| | ) | WD83748 |
| v. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | FILED: June 8, 2021 |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County**
**The Honorable S. Margene Burnett, Judge**

**Before Division Two: Mark D. Pfeiffer, P.J.,**
**and Alok Ahuja and Karen King Mitchell, JJ.**

T'Oddre Hudson pleaded guilty to one count of sodomy in the first degree, one count of robbery in the first degree, and two counts of armed criminal action. Hudson was sentenced to a total of seventeen years' imprisonment. He filed a motion for post-conviction relief pursuant to Supreme Court Rule 24.035, contending that his guilty plea was not knowing and voluntary. Hudson alleged that he pleaded guilty because his attorney was unprepared to try the case, and had failed to adequately communicate with him.

Before the circuit court ruled on Hudson's post-conviction relief motion, he was granted leave to file a direct appeal out of time. While his direct appeal was pending, the circuit court denied Hudson's post-conviction relief motion, resulting in the present appeal.

Hudson's post-conviction relief motion was rendered premature when he was granted leave to file a direct appeal out of time. The post-conviction proceedings should have been stayed pending our issuance of a mandate in Hudson's direct

appeal. Accordingly, we vacate the circuit court's ruling on Hudson's post-conviction relief motion, and remand to the circuit court for further proceedings once Hudson's direct appeal is finally decided.

## Factual Background

The details of the underlying offenses, and of the proceedings in the underlying criminal case, are more fully described in our opinion deciding Hudson's direct appeal. *State v. Hudson*, No. WD83370, 2021 WL 1618232 (Mo. App. W.D. April 27, 2021). Only a brief recitation is necessary here.

Hudson was charged in the Circuit Court of Jackson County with one count of sodomy in the first degree, one count of robbery in the first degree, and two counts of armed criminal action.

Hudson's trial was scheduled to begin on May 21, 2018. On May 18, 2018, a pretrial conference was held, at which Hudson entered an *Alford* guilty plea.[1] In exchange for his guilty plea, the parties agreed that the circuit court would sentence Hudson to at least sixteen years' imprisonment, but to no more than twenty-two years. The State also agreed to dismiss an unrelated drug case. Following questioning of Hudson to determine whether he understood the nature of the charges and the consequences of his guilty plea, the circuit court concluded that Hudson was pleading guilty knowingly and voluntarily, and it accepted his plea.

About two weeks before Hudson's sentencing hearing, Hudson's counsel filed a motion to withdraw Hudson's guilty plea pursuant to Rule 29.07(d). The motion argued that Hudson's plea was not entered knowingly or voluntarily due to plea counsel's ineffective assistance. (The attorney who filed the Rule 29.07(d) motion was not the same attorney who had represented Hudson at the time of his plea.)

---

[1] "Pursuant to an *Alford* guilty plea, the defendant does not admit the acts of the crime but admits that in light of the State's evidence against him, he is likely to be found guilty beyond a reasonable doubt at trial." *Hackman v. State*, 492 S.W.3d 669, 671 n.1 (Mo. App. E.D. 2016) (citing *North Carolina v. Alford*, 400 U.S. 25, 37 (1970)).

2

The motion alleged that Hudson did not fully understand the consequences of his plea, did not have adequate time to consult with plea counsel before entering his plea, and felt coerced to plead guilty because of plea counsel's lack of trial preparation.

On October 18, 2018, the circuit court held an evidentiary hearing on Hudson's motion to withdraw his guilty plea, at which both Hudson and his plea counsel testified. The circuit court denied Hudson's Rule 29.07(d) motion, finding that Hudson had been adequately represented by his plea counsel, and that he had pleaded guilty freely and voluntarily. A sentencing hearing was held on November 29, 2018, at which the circuit court orally pronounced Hudson's sentences, totaling seventeen years' imprisonment. The circuit court entered its written judgment reflecting Hudson's convictions and sentences the next day.

Hudson did not initially seek to appeal from the judgment in the criminal case. Instead, he filed a timely motion for post-conviction relief under Rule 24.035 on February 22, 2019; his appointed counsel filed an amended motion on September 10, 2019. The amended motion raised a single claim: that his guilty plea was induced by plea counsel's failure to communicate with Hudson, and by plea counsel's failure to adequately prepare for trial. Hudson's post-conviction claim was in substance identical to the claim he had raised in his earlier motion to withdraw his guilty plea. Notably, in response to the question whether "any ground set forth [in the amended motion has] been previously presented to this or any other court," Hudson's amended motion stated: "[y]es, a similar issue was raised in the motion to withdraw guilty plea."

The circuit court held an evidentiary hearing on Hudson's post-conviction relief motion on November 14, 2019, at which Hudson and plea counsel again testified.

3

After the evidentiary hearing on Hudson's post-conviction relief motion, Hudson filed a motion in this Court on November 29, 2019 (one year after his sentencing hearing), seeking leave to file a notice of appeal from the underlying criminal judgment out of time. *See* Rule 30.03. We granted Hudson's motion, and, on December 20, 2019, he filed his notice of appeal in the underlying criminal case. Hudson's direct appeal was assigned Case No. WD83370. In his direct appeal, Hudson raised a single point, challenging the circuit court's denial of his motion to withdraw his guilty plea.

Notably, nothing in the record of this post-conviction relief proceeding indicates that the parties ever informed the circuit court that Hudson had been granted leave to file a direct appeal out of time. Nor did the parties ever suggest to the court that the pendency of Hudson's direct appeal should influence proceedings in this post-conviction relief case.

The circuit court entered its judgment denying Hudson's post-conviction relief motion on February 25, 2020. The circuit court rejected Hudson's claim that his plea was involuntary due to ineffective assistance of his plea counsel. Instead, the court found that plea counsel had adequately communicated with Hudson, and had adequately prepared to try the case if Hudson had chosen not to plead guilty. In reaching these conclusions, the court relied on Hudson's testimony at the plea hearing, and on the testimony at the hearing on Hudson's Rule 29.07(d) motion and at the post-conviction evidentiary hearing.

Hudson appealed the denial of his post-conviction relief motion. While the current appeal was pending, we issued a decision in Hudson's direct appeal, in which we affirmed the circuit court's denial of Hudson's pre-sentencing motion to withdraw his guilty plea. *State v. Hudson*, No. WD83370, 2021 WL 1618232 (Mo. App. W.D. April 27, 2021). Based on Hudson's testimony at the plea hearing, as well as plea counsel's testimony at the evidentiary hearing on Hudson's motion to

4

withdraw his guilty plea, we held that the circuit court had not clearly erred in concluding that Hudson had adequate opportunities to communicate with his plea counsel, and that his plea was not induced by counsel's purported lack of trial preparation. On June 1, 2021, this Court denied the State's Motion for Rehearing and Application for Transfer in Hudson's direct appeal.

## Standard of Review

> This Court limits its review of the overruling of a Rule 24.035 motion to whether the motion court's findings of fact and conclusions of law are clearly erroneous. The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made. Movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling.

*Stanley v. State*, 420 S.W.3d 532, 539 (Mo. 2014) (citations and internal quotation marks omitted).

## Discussion

Before we can consider the merits of Hudson's appeal, we must address the timeliness of Hudson's Rule 24.035 motion. *See Lemasters v. State*, 598 S.W.3d 603, 605 (Mo. 2020); *see also Dorris v. State*, 360 S.W.3d 260, 268 (Mo. 2012) ("It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules[.]").

Unlike many other time-limiting statutes or rules, Rule 24.035 specifies not only the <u>*latest*</u> date on which a post-conviction relief motion may be filed, but also the <u>*earliest*</u> date for filing such a motion. Rule 24.035(b) provides in relevant part:

> The motion shall be filed no earlier than the date the sentence is entered if no appeal is taken, . . . or the date the mandate of the appellate court issues affirming the judgment or sentence.

> If the motion is filed prematurely, such motion shall be considered as filed immediately after the sentence is entered if no appeal is taken, . . . or the date the mandate of the appellate court issues affirming the judgment or sentence.

5

> If no appeal of such judgment or sentence is taken, the motion shall be filed within 180 days of the date the sentence is entered.
>
> If an appeal of the judgment or sentence sought to be vacated, set aside or corrected is taken, the motion shall be filed within 90 days after the date the mandate of the appellate court issues affirming such judgment or sentence.

*See also* Rule 29.15(b) (similar provisions governing post-conviction relief motions in cases which are resolved by trial).

In *Lemasters*, 598 S.W.3d 603, the Missouri Supreme Court "articulated the proper procedure for prematurely filed motions." *Id.* at 607. The Court explained:

> [W]here a premature post-conviction motion has been filed under Rule 29.15 or Rule 24.035, it should be held pending the time for filing of the postconviction motion . . . . At that point the premature motion, as filed or as supplemented within the time permitted for filing such a motion, should be considered filed by the motion court.
>
> A motion court's ruling on a premature motion should be vacated on appeal and the cause remanded so that it may proceed once the challenged criminal judgment is final. On remand, the motion court shall consider [the movant's] *pro se* motion for postconviction relief filed when the time for filing a postconviction relief motion commences under Rule 29.15(b).

*Id.* (citing and quoting *McKay v. State*, 520 S.W.3d 782, 787 & 788 (Mo. 2017); footnote omitted); *see also Brown v. State*, 600 S.W.3d 829, 834-35 (Mo. App. E.D. 2020).

In both *McKay* and *Lemasters*, a post-conviction relief motion was filed before all proceedings resulting from the movant's direct appeal had concluded. This case followed a different – and unusual – procedural course. In this case, Hudson's *pro se* post-conviction relief motion was timely when it was filed, because Hudson had not yet filed a direct appeal of his convictions and sentences. However, *after* Hudson's filing of his amended post-conviction relief motion, and *after* an evidentiary hearing was held on that motion, his post-conviction motion was rendered premature when this Court granted Hudson leave to file a direct appeal

6

out of time. When Hudson's direct appeal was filed, further proceedings on his post-conviction relief motion should have been stayed until the direct appeal, and any further proceedings resulting from the direct appeal, had been concluded.

We recognize that, in Hudson's direct appeal, the State has argued that Hudson is not entitled to review of the circuit court's denial of his pre-sentencing motion to withdraw his guilty plea. *See Hudson*, No. WD83370, slip op. at 5-8, 2021 WL 1618232, at *2-*3. But even if it is ultimately determined that Hudson's direct appeal raises non-appealable issues, Hudson properly invoked the jurisdiction of the appellate courts, and his appeal would toll the time period for the filing of Hudson's post-conviction relief motion. *See Dougan v. State*, 118 S.W.3d 593, 595 (Mo. 2003) (although the movant later voluntarily dismissed his direct appeal, "[b]y filing a notice of appeal, [the movant's] direct appeal was 'taken' as described by Rule 29.15(b)"); *McDaniel v. State*, 608 S.W.3d 763, 768-69 (Mo. App. S.D. 2020) ("even if Movant's appeal was 'largely dismissed for procedural issues' as claimed, it was nonetheless 'taken' [within the meaning of Rule 29.15(b)] when his notice of appeal was filed"; footnote omitted). No matter the disposition of Hudson's direct appeal, this is a case in which "an appeal of the judgment or sentence . . . [was] taken" within the meaning of Rule 24.035(b). Under that Rule, the window for filing Hudson's post-conviction relief motion will not open until "the date the mandate of the appellate court issues affirming the judgment or sentence."

Our conclusion that Hudson's post-conviction relief motion was rendered premature once Hudson filed a direct appeal, and that it should not have been decided by the circuit court, is supported by the purpose underlying the post-conviction relief rules. "Rule 24.035 is designed to avoid duplicative and unending challenges to the finality of judgment. The rule intends to provide a single, unitary, post-conviction remedy[.]" *Swallow v. State*, 398 S.W.3d 1, 4 (Mo. 2013) (citations and internal quotation marks omitted). As the Court explained in *McKay*:

7

> Rules 29.15 and 24.035 permit a defendant to collaterally attack a judgment only once . . .; Rule 29.15(l) and Rule 24.035(l) prohibit the filing of successive motions raising the same claims or claims that could have been brought under a prior motion. The intent of this prohibition is "to ensure that a movant receives a single – but meaningful – opportunity for timely post-conviction relief."

520 S.W.3d at 784-85 (citations omitted).

Claims which are properly raised in a post-conviction relief motion (such as ineffective assistance of counsel claims) may arise at any point during the underlying criminal case, including during a direct appeal, or during proceedings on remand following a direct appeal. If a movant was permitted to litigate a post-conviction relief motion before all proceedings in the underlying criminal case had concluded, potential challenges to a conviction or sentence might arise _after_ the post-conviction relief motion had been decided. This would be contrary to the rationale of the post-conviction rules "to litigate all [post-conviction] claims once in a timely manner." *McKay*, 520 S.W.3d at 786. The purposes animating Rule 24.035 are best served by delaying the resolution of Hudson's post-conviction relief motion until all trial and appellate proceedings in the underlying criminal case have finally concluded, so that all available post-conviction claims may be raised and decided in a single proceeding.

The Supreme Court has directed that "[a] motion court's ruling on a premature motion should be vacated on appeal and the cause remanded so that it may proceed once the challenged criminal judgment is final." *Lemasters*, 598 S.W.3d at 607 (citation omitted). We accordingly vacate the circuit court's judgment denying Hudson's motion for post-conviction relief. The circuit court should hold this proceeding in abeyance until a final mandate is issued in Hudson's direct appeal. *McKay*, 520 S.W.3d at 788. Once a final mandate has been issued, the time for filing Hudson's *pro se* motion for post-conviction relief will begin to run, and the court should consider Hudson's *pro se* motion to be filed. Hudson may then

8

supplement and/or amend the *pro se* motion as contemplated in *Lemasters*, 598 S.W.3d at 607, and the court can then proceed to consider and decide Hudson's post-conviction claims in the usual fashion.[2]

## Conclusion

For the foregoing reasons, we vacate the circuit court's judgment denying Hudson's post-conviction relief motion, and remand for further proceedings consistent with this opinion.

_____
Alok Ahuja, Judge

All concur.

---

[2] We note that preclusion principles may apply if Hudson's future post-conviction relief motion raises claims which are similar to those raised in his pre-sentencing motion to withdraw his guilty plea under Rule 29.07(d). *See Stevens v. State*, 208 S.W.3d 893, 895 (Mo. 2006).