

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| JAY W. ABBOTT, | ) | No. ED110092 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Montgomery County |
| v. | ) | Cause No. 19AA-CC00022 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Jason H. Lamb |
| | ) | |
| Respondent. | ) | Filed:  August 30, 2022 |

### Introduction

Jay Abbott filed two motions for postconviction relief under Rule 29.15. Abbott prematurely filed his first motion while his direct appeal remained pending. Then, Abbott filed a second motion after this Court issued its mandate in the direct appeal. Under controlling precedent, this second motion operated as a supplement to the first. Nevertheless, the judgment from which Abbott appeals addressed only the claims in the initial motion. Because the claims in Abbott's supplemental motion remain pending, there is no final judgment and we must dismiss the appeal to allow the circuit court to rule on the pending claims.

### Factual and Procedural Background

Following a trial, the circuit court convicted Abbott of several drug-related offenses and sentenced him to a total of fifteen years in prison. Abbott appealed his conviction and sentence to

this Court. While the direct appeal was pending, Abbott filed his initial pro se motion for postconviction relief under Rule 29.15.[1] Abbott's motion included nine claims for relief from his conviction. The circuit court appointed counsel for Abbott, and Abbott's counsel notified the circuit court that the motion had been prematurely filed and that counsel would take appropriate action on the motion once this Court issued its mandate in the direct appeal.

Thereafter, this Court affirmed Abbott's convictions in the direct appeal and issued its mandate. Within two weeks, Abbott filed a second pro se motion under Rule 29.15. Abbott's second motion included thirty-two claims, including numerous claims of ineffective assistance of appellate counsel that could not have been asserted in Abbott's initial motion. Abbott's second motion was assigned a new case number, and at the request of Abbott's counsel, the circuit court consolidated the two motions into a single proceeding. Abbott's counsel then filed a statement in lieu of an amended motion, stating that counsel was unaware of additional meritorious claims not set forth in Abbott's pro se motion. Thereafter, the circuit court entered a judgment denying Abbott's request for postconviction relief.

In its judgment, the circuit court identified Abbott's initial motion by its filing date and noted that Abbott's Rule 29.15 motion was filed before the mandate issued in Abbott's direct appeal. The judgment then addressed several of Abbott's claims by the number Abbott listed them in his initial pro se motion, and it disposed of all the other claims in the initial motion. The judgment did not address any of the claims in Abbott's second motion. The judgment did not mention the filing of the second motion or otherwise acknowledge the existence of Abbott's second motion.

---

[1] Abbott's motion was filed and decided before the November 4, 2021, effective date of changes to Rule 29.15(g) & (j). Those changes are not relevant to any decision in Abbott's case. As a result, all rule references are to the 2022 version of the Supreme Court Rules as amended.

Abbott appealed the denial of his motion to this Court, arguing that the circuit court erroneously denied relief. The State responded by arguing that the appeal should be dismissed for lack of a final judgment because the circuit court had not ruled on the claims in Abbott's second pro se Rule 29.15 motion. We agree with the State.

**Analysis**

The right to appeal is purely statutory. *Jefferson County 9-1-1 Dispatch v. Plaggenberg*, 645 S.W.3d 473, 475 (Mo. banc 2022). When no statute provides a right to appeal, no appeal is allowed. *Id.* The statute relevant to this appeal is § 512.020(5), RSMo. Supp. 2022, which provides a right to appeal from any "final judgment." *Id.* For a judgment to be "final" for purposes of § 512.020(5), it must dispose of all pending claims in a lawsuit, leaving nothing for future determination. *Id.* at 475, 477. When the circuit court's judgment "indicates that the court did not acknowledge, adjudicate, or dispose" of all claims, there is no final judgment, and we must dismiss the appeal. *Green v. State*, 494 S.W.3d 525, 532-33 (Mo. banc 2016), *superseded by rule on other grounds as stated in Creighton v. State*, 520 S.W.3d 416, 422 n.8 (Mo. banc 2017). Section 512.020(5)'s final judgment requirement applies to Rule 29.15 motions in the same respect as other civil cases. *Id.* at 531.

The first question to examine in determining whether the circuit court's judgment in this case constitutes a final judgment is whether the claims in Abbott's second pro se motion were pending before the circuit court. The Supreme Court of Missouri's decision in *McKay v. State*, 520 S.W.3d 782 (Mo. banc 2017), answers this question in the affirmative. In *McKay*, a postconviction movant filed his initial motion under Rule 29.15 while his case remained pending on direct appeal. *Id.* at 783. Because no final mandate from this Court had issued, the filing was premature under

3

Rule 29.15(b).[2] *Id.* at 784. Nevertheless, the circuit court proceeded with the motion and denied relief. *Id.* When this Court's mandate issued, the defendant filed a second Rule 29.15 motion that included claims not in the initial motion. *Id.* The circuit court dismissed the second motion, finding it a successive motion in violation of Rule 29.15(l).[3] *Id.*

On appeal, the Supreme Court reversed, holding that: 1) the movant's premature initial Rule 29.15 motion should have been held in abeyance by the circuit court until it became timely, and 2) the movant's second Rule 29.15 motion, which was timely filed after the issuance of the appellate court's mandate, should have been treated as a supplement to the initial motion. *Id.* at 787-88. As a result, the Court held that the circuit court erred in dismissing the second motion as successive and it remanded the case to the circuit court with instructions to "treat both the premature and timely pro se motions as a single motion[.]" *Id.* at 788.

As in *McKay*, the circuit court here was required to treat Abbott's second pro se motion as a supplement to his initial motion. Abbott's initial motion was filed prematurely because it was filed before the mandate affirming his conviction and sentence was issued. Rule 29.15(b). As a result, the circuit court correctly held the motion in abeyance until this Court issued its mandate. When Abbott filed his second motion, it acted as a supplement to his initial motion because it was filed while Abbott still had time to file an initial motion. *Id.* Abbott's second motion was filed within two weeks of the issuance of this Court's mandate, well within the time provided by Rule 29.15(b). Counsel's subsequent decision to file a statement in lieu of an amended motion placed all of the claims in both of Abbott's pro se motions properly before the circuit court for disposition.

---

[2] In relevant part, Rule 29.15(b) provides: "The motion shall be filed no earlier than . . . the date the mandate of the appellate court issues affirming the judgment or sentence."
[3] Rule 29.15(l) provides: "The circuit court shall not entertain successive motions."

4

The next question is whether the circuit court disposed of all of the claims in both motions. We find that it did not. The judgment specifically addressed two claims, both of which are from Abbott's initial motion. The judgment also contained a section called "[a]ll other claims," which stated that "[a]ll other claims made by Movant and not specifically mentioned above are hereby denied." Such a blanket statement generally only applies to "claims that are actually mentioned in the judgment." *Harshman v. State*, 538 S.W.3d 375, 378 (Mo. App. W.D. 2018) (citing *Green*, 494 S.W.3d at 530). This blanket statement, therefore, cannot be extended to the claims in Abbott's second, supplemental motion because the circuit court never mentioned that motion in its judgment. In fact, reading the circuit court's judgment, one would never know that the supplemental motion was even filed, let alone that the circuit court considered and disposed of its thirty-two claims. Because the circuit court's judgment "indicates that the court did not acknowledge, adjudicate, or dispose" of the claims in Abbott's supplemental motion, there is no final judgment, and we must dismiss the appeal. *See Green*, 494 S.W.3d at 532-33.[4]

**Conclusion**

For the foregoing reasons, the appeal is dismissed for lack of a final judgment.

---

[4] *Green* was a split opinion of the Supreme Court, in which the Court differed on whether the case involved (a) the circuit court's failure to adjudicate claims, which would have required dismissal for lack of a final judgment, or (b) its failure to make findings of fact and conclusions of law under Rule 29.15(j), which would have required the defendant to file a motion under Rule 78.07(c) to preserve the claim for review. 494 S.W.3d at 534-37 (Fischer, J., dissenting). That opinion highlights the difficulties in assessing the circuit court's action in the absence of particularized findings in postconviction cases. Here, however, given that the circuit court did not acknowledge the existence of the second motion, we are firmly convinced the court did not adjudicate those claims.

_____
John P. Torbitzky, J.

Gary M. Gaertner, Jr., P.J., and
Cristian M. Stevens, J., concur.