

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| JERMAINE D. WILLIAMS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) WD85546 | |
| | ) | |
| STATE OF MISSOURI, | ) Filed: January 30, 2024 | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Cass County
The Honorable R. Michael Wagner, Judge**

**Before Division Two: Janet Sutton, P.J., and
Alok Ahuja and Mark D. Pfeiffer, JJ.**

In 2017, Jermaine Williams pleaded guilty to multiple felonies in the Circuit Court of Cass County. Following his sentencing, he filed a motion for post-conviction relief under Supreme Court Rule 24.035; Williams' appointed counsel filed both a first and second amended motion on his behalf. The circuit court addressed the merits of the claims in the first amended motion, but did not address the separate claims in the second amended motion. Williams appeals, contending that the circuit court erroneously failed to address the claims contained in his second amended motion. The State concedes that Williams' second amended motion was timely filed, and that the circuit court erred by failing to address each of the claims raised in that motion. We agree. Because

the circuit court failed to address all of the claims asserted in Williams' operative motion, its judgment was not final under Rule 74.01(b). We accordingly dismiss the current appeal, to permit the circuit court to address the claims raised in Williams' second amended motion in the first instance.

## Factual Background

In 2013, Williams was charged in the circuit court with first-degree robbery; armed criminal action; first-degree burglary; two counts of kidnapping; and one count of tampering with a motor vehicle in the first degree. Case No. 13CA-CR00126. The State alleged that Williams was a prior and persistent offender. The charges stemmed from events which occurred on May 29, 2012, when Williams and two others drove to a home in Cass County in a stolen vehicle; unlawfully entered the home while two victims were present; restrained the victims; and displayed a deadly weapon in order to steal jewelry.

Williams entered an initial guilty plea to all six charges on April 17, 2017. The State agreed to cap its sentencing recommendation at eighteen years' imprisonment on the counts of robbery and armed criminal action, fifteen years on the count of burglary and on both kidnapping counts, and seven years on the tampering charge. The circuit court initially accepted Williams' guilty plea, and set the matter for sentencing.

At the June 5, 2017 sentencing hearing, the court *sua sponte* set aside Williams' guilty plea and set the matter over for trial. The judge stated that, after hearing the victim impact statements, he could no longer accept a plea agreement which limited Williams' punishment to a term of 18 years' imprisonment.

2

Williams' counsel filed a motion to have the trial judge recused from the case, which the court granted.

On August 14, 2017, the court held a second plea hearing, in front of a different judge. Williams pleaded guilty to five of the original six felony charges; the State voluntarily dismissed the count of tampering. After hearing arguments and evidence, the circuit court sentenced Williams to eighteen years on each count, with the sentences ordered to run concurrently.

Williams filed a *pro se* motion for post-conviction relief under Supreme Court Rule 24.035 on September 14, 2017. The circuit court appointed counsel for Williams. On September 29, 2017, the court granted counsel's request for a thirty-day extension of time within which to file an amended motion, allowing the amended motion to be filed "within ninety (90) days of the date that the entire guilty plea and sentencing hearing transcripts are filed."

The transcripts of Williams' *initial* guilty plea and sentencing hearings were filed in the circuit court on July 16, 2018. Transcripts of the *August 2017* hearings – which actually resulted in Williams' convictions and sentencing – were not filed in the circuit court at that time.

Williams was subsequently delivered to the Missouri Department of Corrections on July 9, 2019, after having served a sentence in Kansas. Appointed counsel filed an amended motion for post-conviction relief on Williams' behalf on October 7, 2019. That first amended motion raised four claims. The first amended motion alleged that trial counsel rendered ineffective assistance by failing to object to a trial setting which was inconsistent with Williams' demand for a speedy trial, and his demand for prompt disposition of detainers filed

3

against him.  The motion also alleged that Williams' guilty pleas were not knowing and voluntary because neither the circuit court, nor plea counsel, adequately explained to Williams the rights he would be waiving by pleading guilty.

Williams' appointed post-conviction counsel was permitted to withdraw his appearance on January 4, 2022, and new, privately retained counsel entered her appearance.

The circuit court held a hearing on Williams' first amended motion for post-conviction relief on January 27, 2022, at which Williams and his plea counsel testified.

Following the hearing, Williams' counsel discovered that the transcripts of his August 2017 plea and sentencing hearings had not been filed with the circuit court.  Counsel filed those transcripts on January 31, 2022.

On February 10, 2022, Williams' counsel filed a motion asking the circuit court to rule that, because the August 2017 transcripts had not previously been filed, the time for Williams to file an amended motion did not begin to run until January 31, 2022, and his amended motion would not be due until May 2, 2022, ninety days later.  The circuit court did not rule on the timeliness issue at that time.

On March 13, 2022, Williams' counsel filed a second amended post-conviction relief motion.  The second amended motion contained five claims, four of which were not raised in the first amended motion.  The new claims asserted in the second amended motion alleged:  that Williams' plea counsel was ineffective for failing to object when the original trial judge withdrew Williams' first guilty

plea *sua sponte*, and for failing to move to dismiss the charges thereafter; that the withdrawal of Williams' original plea subjected him to double jeopardy; and that the second trial judge erroneously failed to dismiss the charges against Williams with prejudice due to the double jeopardy violation.

On April 12, 2022, the circuit court rejected Williams' claim that he had the right to file a timely second amended motion for post-conviction relief in 2022, because the August 2017 plea and sentencing transcripts had not previously been filed. On the same day, the court issued its judgment denying Williams post-conviction relief. The judgment explicitly stated that the court only addressed the claims asserted in Williams' September 2017 *first* amended motion; the court stated that "[a]ny claims not stated within the [first] Amended Motion are deemed waived."

On April 20, 2022, Williams filed a motion to amend the judgment under Rule 78.07(c), arguing that the circuit court was required to make findings of fact and conclusions of law addressing all of the claims in Williams' second amended motion for post-conviction relief. The court did not rule on that motion. Williams' post-judgment motion was deemed denied ninety days after its filing, on July 19, 2022, by operation of Rule 81.05(a)(2)(A). Williams filed his notice of appeal in the circuit court on July 20, 2022.

## Discussion

Because the judgment in the underlying case did not dispose of all properly raised claims, it is not a final judgment; therefore, we lack jurisdiction under § 512.020(5), RSMo, and must dismiss Williams' appeal.

5

As relevant here, § 512.020(5), RSMo provides that "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause . . . may take his or her appeal to a court having appellate jurisdiction from any: . . . (5) [f]inal judgment in the case . . . ." "'Generally, an appeal may only be taken from a final judgment, which is one that disposes of all claims and all parties involved in a case.'" *Schmidt v. Dart Bein, LC*, 644 S.W.3d 579, 581 (Mo. App. W.D. 2022) (citations omitted). "'If the trial court's judgment was not a final judgment, then the appellate court lacks jurisdiction, and the appeal must be dismissed.'" *Id.* at 582. "If the circuit court does not either resolve all the issues as to all parties or expressly designate 'there is no reason for delay,' the appeal must be dismissed." *Zeller v. Scafe*, 455 S.W.3d 503, 505 (Mo. App. W.D. 2015) (quoting Rule 74.01(b); other citations and internal quotation marks omitted).

These finality principles apply to motions for post-conviction relief. In *Green v. State*, 494 S.W.3d 525 (Mo. 2016), the Missouri Supreme Court held that "Rule 74.01(b) governs the finality of judgments in civil actions, which includes a Rule 29.15 proceeding." *Id.* at 531. *Green* dismissed an appeal for lack of a final judgment where the court did not adjudicate two of the claims in the movant's post-conviction relief motion. *Id.* at 533. We have similarly dismissed appeals where the circuit court's judgment failed to dispose of all claims included in motions for post-conviction relief filed pursuant to Rules 24.035 or 29.15. *See, e.g.*, *Huckleberry v. State*, 674 S.W.3d 801, 803 (Mo. App. S.D. 2023); *Abbott v. State*, 654 S.W.3d 377, 380 (Mo. App. E.D. 2022); *Rogers v. State*, 610 S.W.3d 733, 736 (Mo. App. E.D. 2020); *Conn v. State*, 564 S.W.3d 386, 387 (Mo. App.

E.D. 2018); *Harshman v. State*, 538 S.W.3d 375, 378 (Mo. App. W.D. 2018); *Strickland v. State*, 521 S.W.3d 246, 251 (Mo. App. W.D. 2017).

Here, the circuit court did not dispose of all of Williams' live claims, because it did not address the new claims raised in his timely filed second amended motion.

As the State acknowledges, Williams' second amended motion was timely filed. Under Rule 24.035(m), if a movant was sentenced before January 1, 2018, his right to post-conviction relief "shall continue to be governed by the provisions of Rule 24.035 in effect on the date the motion was filed or December 31, 2017, whichever is earlier." Williams was ultimately sentenced in August 2017, and filed his initial *pro se* 24.035 motion in September 2017. Accordingly, the version of Rule 24.035 in effect in September 2017 governs his case.

The version of Rule 24.035(g) in effect in 2017 provided that, if no appeal of the judgment or sentence was taken,

> the amended motion or statement in lieu of an amended motion shall be filed within 60 days of the earlier of the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and:
>
> (1) Counsel is appointed, or
>
> (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

The Rule further provided that the court could extend the time for filing an amended motion up to sixty additional days. *Id*.

The applicable Rules further made clear that ordering and filing the necessary transcripts were duties of the clerk of the court and the court reporter, not the movant:

7

> **(c) Clerk's Duties.** Movant shall file the motion and two copies thereof with the clerk of the trial court. . . . Upon receipt of the motion, the clerk shall notify the sentencing judge and shall notify the court reporter to prepare and file the complete transcript of the movant's guilty plea and sentencing hearing if the transcript has not yet been prepared or filed. . . .

Rule 24.035(c) (2017).

Because transcripts of Williams' August 2017 guilty plea and sentencing hearings were not filed until 2022, the time for filing his amended motion for post-conviction relief did not begin to run until 2022. In *Tinsley v. State*, 643 S.W.3d 146 (Mo. App. E.D. 2022), the clerk made a docket entry indicating that the transcript had been filed, but never actually did so. *Id.* at 149-50. The Court held that the clock never began to run on the movant's deadline to file an amended motion, and therefore his amended motion could not possibly have been untimely. *Id.* at 149-50.

Here, the transcripts of Williams' August 2017 plea and sentencing hearings – the hearings which actually resulted in his convictions and sentences – were not filed until Williams' counsel did so on January 31, 2022. Because a "complete transcript" was not filed until January 31, 2022, Williams' amended motion would have been timely if filed by April 1, 2022 (even disregarding the 30-day extension of time which the circuit court had granted in September 2017). Counsel filed Williams' second amended motion on March 13, 2022.

The fact that appointed counsel had already filed a first amended motion for post-conviction relief did not prevent his retained counsel from filing a timely second amended motion. Rule 24.035(g), like Rule 29.15(g), merely establishes a time limit within which an amended motion must be filed; it does not limit a movant from filing a *second* amended motion within that time period. Rules

24.035(g) and 29.15(g) are notably different than Rule 55.33(a), which governs the filing of amended petitions in other civil actions. Rule 55.33(a) provides that an amended petition may be filed without leave of court only before the service of a responsive pleading, or within 30 days if no responsive pleading is permitted; "[o]therwise, the pleading may be amended only be leave of court or by written consent of the adverse party." We will not read similar – unstated – limitations into Rules 24.035(g) and 29.15(g).

The Missouri Supreme Court addressed a similar issue in *McKay v. State*, 520 S.W.3d 782 (Mo. 2017), in which a movant filed his initial *pro se* post-conviction relief motion prematurely, before his direct appeal was finally concluded. Because of some confusion as to when the direct appeal proceedings ended, the circuit court had denied the movant's first *pro se* motion for post-conviction relief before his direct appeal was finally resolved. *Id.* at 784. After his convictions and sentences were affirmed on direct appeal, the movant filed a *second pro se* motion for post-conviction relief. *Id.* The circuit court dismissed the movant's second motion, concluding that it was an improper "successive" motion. *Id.* The Supreme Court reversed. Even though the circuit court had *already denied* the movant's first *pro se* motion, the Court held that the movant was entitled to file his second *pro se* motion as a supplement to the first.

> On May 26, 2015, only 15 days after the court of appeals affirmed the denial of Mr. McKay's [convictions] . . ., Mr. McKay timely filed his "second" post-conviction motion. The motion court erred in dismissing that motion as successive. In this unusual fact situation, the motion court should have treated the second motion as timely and as incorporating the first pro se motion. It should have permitted Mr. McKay's counsel to file his amended post-conviction motion addressing all of his claims, including those raised in his initial motion as well as those raised in his second pro se motion,

9

which should be considered in the nature of a supplement to his first, prematurely filed pro se motion. It was error to dismiss Mr. McKay's timely pro se motion as successive.

*Id.* at 788.

This Court reached the same result in *Johnson v. State*, 210 S.W.3d 427 (Mo. App. S.D. 2006), in which we held that

[t]he only limitation on filing an amended *pro se* motion which we have unearthed is that the motion must be timely filed so as to vest the motion court with jurisdiction to adjudicate the claim. As Johnson's second motion was timely filed, . . . we hold that Johnson was not prohibited from filing an amended *pro se* motion setting out additional claims."

*Id.* at 432 (citations and footnote omitted).

We stated that a post-conviction relief movant would be entitled to file a second amended motion, where their initial amended motion was prematurely filed, in *State v. Hudson*, 626 S.W.3d 884 (Mo. App. W.D. 2021). In *Hudson*, the movant did not initially file a direct appeal from his guilty plea. The movant instead filed a *pro se* motion for post-conviction relief under Rule 24.035, and appointed counsel filed an amended motion. *Id.* at 886. The circuit court held an evidentiary hearing on the amended motion, and denied relief. *Id.* Following the evidentiary hearing, the movant was permitted by this Court to file a direct appeal of his guilty plea out of time – thereby rendering his post-conviction relief motion premature. *Id.* In *Hudson*, we held that the circuit court's ruling on the movant's amended motion for post-conviction relief was premature, and we vacated that decision. *Id.* at 889. We described the course of future proceedings as follows:

The circuit court should hold this proceeding in abeyance until a final mandate is issued in Hudson's direct appeal. Once a final

10

> mandate has been issued, the time for filing Hudson's *pro se* motion for post-conviction relief will begin to run, and the court should consider Hudson's *pro se* motion to be filed. *Hudson may then supplement and/or amend the <u>pro se</u> motion . . .*, and the court can then proceed to consider and decide Hudson's postconviction claims in the usual fashion.

*Id.* at 889 (emphasis added; citations and footnote omitted). *Hudson* plainly contemplates that a movant would be entitled to file a second, timely amended motion for post-conviction relief, despite the fact that they had filed an earlier, premature amended motion, and even though the original amended motion had actually been ruled by the circuit court.

In multiple cases, Missouri courts have addressed situations in which a movant filed a second amended post-conviction relief motion. While many of those cases hold that a second amended motion was barred *where it was untimely*, none of those cases suggest that the filing of a second amended motion is prohibited *per se*. *See, e.g.*, *Stanley v. State*, 420 S.W.3d 532, 540-41 (Mo. 2014); *Jendro v. State*, No. SD37537, 2023 WL 8445894, at *4 (Mo. App. S.D. Dec. 6, 2023); *Cooper v. State*, 621 S.W.3d 624, 638-39 (Mo. App. W.D. 2021); *Borneman v. State*, 554 S.W.3d 535, 541 (Mo. App. S.D. 2018); *Oliver v. State*, 196 S.W.3d 643, 645-46 (Mo. App. S.D. 2006).

Williams' second amended motion for post-conviction relief was filed within the time limits contained in Rule 24.035(g) (2017). Because Williams' second amended motion was filed within Rule 24.035's time limit for amended motions, and because nothing in the Rule prohibits a movant from filing more than one timely amended motion, Williams' second amended motion was properly before the court. As the State concedes, the circuit court was required to address all of the claims in Williams' second amended motion to give rise to an

appealable final judgment.  Because the court failed to do so, the judgment is not "final" within the meaning of § 512.020(5), RSMo, or Rule 74.01(b).  Because the judgment is not final, this appeal must be dismissed.

## Conclusion

The appeal is dismissed for lack of an appealable final judgment.

_____
Alok Ahuja, Judge

All concur.